**Paul DAVIS, Jr., Administrator of the Estate of Richard Davis, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 75–1691.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1976.

Decided June 2, 1976.

Kenneth Cobb, Nelson, Harding, Marchetti, Leonard & Tate, Lincoln, Neb., made argument and filed brief for appellant.

Neil H. Koslowe, Atty., Dept. of Justice, App. Section, Civ. Div., Washington, D. C. (argued), William Kanter and Michael H. Stein, Attys., App. Section, Civ. Div., Dept. of Justice, Washington, D. C., for appellees; Rex E. Lee, Asst. Atty. Gen., and Daniel E. Wherry, U. S. Atty., Omaha, Neb., on brief.

Before WEBSTER and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Appellant herein and plaintiff below, Paul Davis, Jr., Administrator of the Estate of Richard Davis, Deceased, appeals from the dismissal of his suit brought in the

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

District of Nebraska against the United States under the Tort Claims Act, 28 U.S.C. § 1346, for the decedent's wrongful death. Decedent was killed on June 28, 1972 at a construction site when the sides of a trench in which he was working caved in. Plaintiff alleged that decedent's death was proximately caused by the negligence of an employee of the Occupational Safety and Health Administration (OSHA), who, on June 9, 1972, had inspected the construction site, had issued a "Citation for Serious Violation" to the contractor ordering correction of dangerous conditions of the trench, and who had negligently failed to arrange for or make a follow-up inspection to determine whether corrective measures had been taken or to take appropriate action to close down the trench.

Considering sua sponte whether the complaint stated a cause of action for which a private person would be liable under Nebraska law,[1] the district court[2] dismissed the complaint for want of jurisdiction on grounds that the duties required of OSHA officers are federally imposed and have no counterparts cognizable under Nebraska law. This holding is consistent with authority interpreting the scope of the Act to be limited to "ordinary common-law tort" claims. *United States v. Smith,* 324 F.2d 622, 625 (5th Cir. 1963), citing *Dalehite v. United States,* 346 U.S. 15, 28, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). We affirm on the basis of the well-reasoned opinion of the district court.

The government urges as an independent basis for affirmance the "discretionary function" exception to claims filed pursuant to the Act, 28 U.S.C. § 2680(a), but in view of our disposition of the case on other jurisdictional grounds, it is unnecessary to reach this issue.

As stated, the dismissal of plaintiff's complaint is affirmed.

---

1. The Tort Claims Act, 28 U.S.C. § 1346, reads in part:

> (b) . . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. The Honorable Warren K. Urbom, Chief Judge, District of Nebraska.