Carol A. GELLEY, Trustee for the heirs of Richard Lawrence Gelley, Deceased, Plaintiff,

v.

ASTRA PHARMACEUTICAL PRODUCTS, INCORPORATED, a Massachusetts Corporation; United States of America; Ted Hanson Dental Supplies, Incorporated, a North Dakota Corporation; Jerry K. Brunsoman, D. D. S., Individually and as an employee of MacKay & Fuller D. D. S. Professional Association, a Minnesota Corporation; their employees and agents, Defendants.

Civ. No. 4–74–301.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 2, 1979.

Richard C. Smith, Minneapolis, Minn., for plaintiff.

Robert W. Gislason, Edina, Minn., for defendant Astra Pharmaceutical Products, Inc.

James P. Klapps, U. S. Dept. of Justice, Washington, D. C., Andrew W. Danielson, U. S. Atty., and Donald F. Paar, Asst. U. S.

Atty., Minneapolis, Minn., Joanne Sisk, Dept. of Health, Ed. and Welfare, Food and Drug Administration, Rockville, Md., for defendant U. S.

Richard D. Allen, Minneapolis, Minn., for defendant Ted Hanson Dental Supplies, Inc.

Charles Bassford and Kevin Kennan, Minneapolis, Minn., for defendant Jerry K. Brunsoman.

B. B. Markham and Robert Frazee, Minneapolis, Minn., for defendant MacKay & Fuller D. D. S. Professional Ass'n.

## ORDER

MacLAUGHLIN, District Judge.

This matter comes before the Court on the defendants' renewed motions to dismiss [1] for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The defendant United States moves to dismiss on the grounds that no actionable tort duty was owed by Food and Drug Administration personnel to the plaintiff's decedent under the circumstances and that the government is immune from liability because of the "discretionary function" and "misrepresentation" exceptions of the Federal Tort Claims Act. 28 U.S.C. § 2680(a) and (h).[2]

The remaining defendants, with the exception of MacKay & Fuller, have moved to dismiss on the ground that if the United States is dismissed from this action, then dismissal is appropriate as to all defendants as incomplete diversity is present and there is no longer any independent basis for federal jurisdiction which justifies the applica-

tion of pendent party jurisdiction principles. The Court has determined that the motion to dismiss made by the United States should be granted, that no independent basis of federal jurisdiction is present which would justify the exercise of pendent party jurisdiction over the remaining defendants and that, therefore, the action should be dismissed in its entirety.

Richard Gelley, plaintiff's decedent, died in 1973, allegedly as a result of an adverse reaction to lidocaine hydrochloride (trade name xylocaine), a local anesthetic drug manufactured by defendant Astra Pharmaceutical Products, Inc. [hereinafter Astra]. The xylocaine was administered to plaintiff's decedent by Dr. Jerry K. Brunsoman, who was associated with defendant MacKay & Fuller D.D.S. Professional Association. The United States Food and Drug Administration [hereinafter FDA], an agency of the Department of Health, Education and Welfare, had previously found xylocaine "safe for use" and approved the introduction of the drug into interstate commerce.

This wrongful death action was instituted by plaintiff Carol Gelley, as trustee for the heirs of Richard Gelley, in this Court in 1974. The plaintiff's complaint alleges that FDA personnel, as well as the other defendants, were negligent, that some defendants are liable on a strict liability theory, and that defendant Astra is independently liable because it violated the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq. Plaintiff has filed a "protective" action in the Ramsey County District Court against the same parties, except for the United States.

### The United States' Motion to Dismiss

■ The plaintiff correctly concedes that any allegation that the government may be

---

1. In an order dated March 12, 1975, the Hon. Miles W. Lord denied the defendants' motions to dismiss without prejudice to renew once discovery was complete. In that order Judge Lord concluded that jurisdiction over the defendants other than the United States was proper under the doctrine of pendent party jurisdiction.

2. These sections provide exceptions for:
   (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute

or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

    \*    \*    \*    \*    \*    \*

    (h) Any claim arising out of . . . misrepresentation . . . .

28 U.S.C. § 2680(a) and (h).

held liable for the FDA's approval of xylocaine as "safe for use" would come within the discretionary function exception of the Federal Tort Claims Act, and thus the government would be immune from liability. *See Gray v. United States,* 445 F.Supp. 337 (S.D.Tex.1978). However, plaintiff has claimed that FDA personnel were negligent in other respects which primarily if not exclusively are premised on governmental nonfeasance. Generally, plaintiff's theory of liability against the government is that the FDA negligently failed to withdraw its prior approval of xylocaine and negligently failed to enforce the provisions of the Food, Drug and Cosmetic Act and its own regulations relating to information collection and labeling changes, thereby allowing xylocaine to remain in interstate commerce in a misbranded and/or adulterated condition.[3] *See* 21 U.S.C. §§ 351, 352.

■ The Federal Tort Claims Act provides that the government shall be liable for death caused by the negligence of government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This particular language is the basis for the government's argument that no tort duty was owed by FDA personnel to plaintiff's decedent to withdraw the prior approval of xylocaine or enforce the provisions of the Food, Drug and Cosmetic Act or FDA regulations regarding labeling changes, reporting requirements or the maintenance of records with respect to xylocaine. As the law of the place where the act or omission occurred is the focal point with respect to whether liability may be imposed under the Act, the law of the District of Columbia[4] governs the immediate question of whether the government, if a private individual, would be liable under like circumstances. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

■ The duties of FDA personnel are federally imposed, stemming either from the Food, Drug and Cosmetic Act or from regulations enacted by the FDA. However, as the Federal Tort Claims Act makes explicit, the law of the place where the act or omission occurred which gives rise to the claim is the foundation upon which federal governmental liability is predicated. Thus, if the law of the place where the act or omission occurred would not impose liability upon a private individual under similar circumstances, then the government cannot be held legally responsible for the acts of its negligent employees. The law of the District of Columbia does not impose a tort duty on private persons to perform activities required by the FDA regulatory scheme. Regulatory activity engaged in by FDA personnel simply has no counterpart in private activity and thus cannot give rise to liability under the common law of the District of Columbia or elsewhere. Therefore, as the law of the place where the act or omission occurred would not impose a duty upon a private person under these circumstances, FDA personnel similarly owed no actionable tort duty to the plain-

---

3. As the allegations of negligence made by plaintiff do not involve any sort of representation by the government, the argument of the government that the United States is immune from liability because plaintiff's claim arises out of misrepresentation is devoid of merit.

4. As the bulk of the FDA activity complained of occurred in the District of Columbia during the relevant time period here, the acts or omissions giving rise to potential liability for the most part occurred in the District of Columbia, thus making its law applicable to the issue of whether the government owes an actionable tort duty under the circumstances.

Plaintiff argues that the law of Minnesota would ultimately apply to this issue because the application of conflict of laws principles of the state or district where the acts or omissions of the FDA occurred would require the application of the law of the place of injury, Minnesota. Even if this Court were to apply Minnesota law to this issue, the ultimate result reached by the Court would not change. This logically follows because the law of Minnesota would not impose liability upon a private person under these circumstances, as the duties imposed on FDA personnel by federal law have no "counterparts cognizable" under the law of Minnesota. *Davis v. United States,* 536 F.2d 758, 759 (8th Cir. 1976).

tiff's decedent. *Davis v. United States,* 536 F.2d 758 (8th Cir. 1976); *Devlin Lumber & Supply Corp. v. United States,* 488 F.2d 88 (4th Cir. 1973); *In re Franklin National Bank Securities Litigation,* 445 F.Supp. 723 (E.D.N.Y.1978). The result of the plaintiff's argument, if accepted, would be to impose liability on the federal government for the failure of its regulatory employees to protect the public in general against third party violations of federal law. This result would cast the federal government in the role of an insurer against violations of regulatory law, certainly a result not contemplated by Congress in enacting the Federal Tort Claims Act. *Zabala Clemente v. United States,* 567 F.2d 1140 (1st Cir. 1977), cert. denied, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); *In re Franklin National Bank Securities Litigation,* 445 F.Supp. 723, 731 (E.D.N.Y.1978).

■ Assuming, however, that FDA personnel owed a duty to plaintiff's decedent so as to make the United States potentially liable for FDA negligence, the Court has also determined that the "discretionary function" exception applies here so as to render the government immune from tort liability. 28 U.S.C. § 2680(a). The Supreme Court has stated that where "policy judgment and decision" are involved, discretion for purposes of 28 U.S.C. § 2680(a) is present. *Dalehite v. United States,* 346 U.S. 15, 36, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Plaintiff has argued that FDA personnel negligently allowed xylocaine to remain on the market in a misbranded and adulterated condition. As the gravamen of this allegation is that the FDA failed to withdraw its approval of xylocaine pursuant to 21 U.S.C. § 355(e), it seems clear that discretionary policy judgments are implicated. Thus, to the extent that plaintiff claims the FDA was negligent in approving or failing to withdraw its approval of xylocaine, the activity of the FDA was clearly the type of policy judgment contemplated by 28 U.S.C. § 2680(a). *First National Bank in Albuquerque v. United States,* 552 F.2d 370 (10th Cir. 1977); *Gray v. United States,* 445 F.Supp. 337 (S.D.Tex.1978). Moreover, as the collection and reporting of

information concerning xylocaine and the enforcement of such regulations are integral components of the approval or withdrawal decisions, this activity must be considered discretionary as well, for otherwise the intent of Congress in carefully enacting 28 U.S.C. § 2680(a) would be undermined. *See First National Bank in Albuquerque v. United States,* 552 F.2d 370, 377 (10th Cir. 1977). *See also Gercey v. United States,* 540 F.2d 536 (1st Cir. 1977) (formulation of enforcement policy is discretionary).

As the FDA owed no actionable tort duty to plaintiff's decedent and as the conduct of the FDA involves discretion under 28 U.S.C. § 2680(a), the United States' motion to dismiss is granted.

*Other Defendants' Motions to Dismiss*

As the remaining defendants are not diverse, the central issue is whether any independent basis of federal jurisdiction exists against any of the parties which would justify the assertion of pendent party jurisdiction principles to the remaining defendants. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The plaintiff has claimed that defendant Astra has repeatedly violated the Federal Food, Drug and Cosmetic Act and that this statute implies a private cause of action to a person injured as a result of the violation. Therefore, plaintiff reasons, as federal question jurisdiction exists against defendant Astra because of this implied private cause of action, the remaining defendants constitute pendent parties. *Schulman v. Huck Finn, Inc.,* 472 F.2d 864 (8th Cir. 1973).

■ The courts have uniformly rejected the argument that violations of the Food, Drug and Cosmetic Act provide a civil remedy to a private individual injured as a result of the violation(s). *Pacific Trading Company v. Wilson & Co., Inc.,* 547 F.2d 367 (7th Cir. 1976); *American Home Products Corp. v. Johnson & Johnson,* 436 F.Supp. 785 (S.D.N.Y.1977); *State of Florida ex rel. Broward County v. Eli Lilly & Co.,* 329 F.Supp. 364 (S.D.Fla.1971); *Cross v. Board of Supervisors of San Mateo County,* 326

F.Supp. 634 (N.D.Cal.1968); *Clairol, Inc. v. Suburban Cosmetic & Beauty Supply, Inc.,* 278 F.Supp. 859 (N.D.Ill.1968). This Court agrees with these decisions and therefore holds that the Food, Drug and Cosmetic Act does not by implication provide a monetary remedy to a private person injured as a result of a violation of the Act. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

■ As there exists no private cause of action for a violation of the Act, there is no federal question jurisdiction and therefore no independent basis of federal jurisdiction is present against any party which might justify the application of pendent party jurisdiction over the other defendants. As the parties are not diverse, it necessarily follows that this action must be dismissed for lack of subject matter jurisdiction.

Therefore, IT IS HEREBY ORDERED that the motions to dismiss made by the United States, Astra Pharmaceutical Products, Inc., Ted Hanson Dental Supplies, Inc., and Jerry K. Brunsoman are granted and this action is dismissed in its entirety.

LET JUDGMENT BE ENTERED ACCORDINGLY for defendants United States of America, Astra Pharmaceutical Products, Inc., Ted Hanson Dental Supplies, Inc., Jerry K. Brunsoman, and MacKay & Fuller D.D.S. Professional Association.