610 F.2d 558
 Carol A. GELLEY, Trustee for the Heirs of Richard Lawrence
Gelley, Deceased, Appellant,
v.
ASTRA PHARMACEUTICAL PRODUCTS INCORPORATED, a New York
Corporation; The United States of America; Hanson Dental
Supplies, Inc., a North Dakota Corporation; Jerry K.
Brunsoman, D.D.S., individually and as an employee or
independent contractor for MacKay & Fuller, D.D.S.
Professional Association; MacKay & Fuller, D.D.S.
Professional Association, a Minnesota Corporation, its
Employees and Agents, Appellees.
 No. 79-1170.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1979.
Decided Dec. 18, 1979.
 
 Richard C. Smith, Minneapolis, Minn., for appellant.
 James T. Martin, Gislason & Martin, P. A., Edina, Minn., argued, for appellees, Astra Pharmaceutical Products, Inc., and Hanson Dental Supplies, Inc. James T. Martin, Richard D. Allen, Richard D. Allen, Ltd., Minneapolis, Minn., on brief.
 James P. Klapps, Asst. Director, Torts Branch, Civil Div., U. S. Dept. of Justice Washington, D. C., argued, remaining appellees; Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C.; Andrew D. Danielson, U. S. Atty., Minneapolis, Minn., Joanne S. Sisk, Associate Chief Counsel for Enforcement, Dept. of Health, Education and Welfare, Food & Drug Administration, Rockville, Md., on brief.
 Before BRIGHT and HENLEY, Circuit Judges, and REGAN, Senior District Judge.*
 BRIGHT, Circuit Judge.
 
 
 1
 Carol A. Gelley, trustee for the heirs of Richard Lawrence Gelley, appeals the order of the district court[1] dismissing this wrongful death action for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(1) and 12(b)(6), respectively. Gelley argues that because the complaint states an actionable claim for negligence against a private person under Minnesota law, she may bring this action against the United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680. Gelley also asserts that no FTCA exception applies to exclude the government from liability. We disagree and hold that the complaint fails to state a cause of action cognizable under Minnesota law. Accordingly, we affirm.
 
 
 2
 The trial court adequately summarized the essential facts as pleaded and Gelley's theory of recovery:
 
 
 3
 Richard Gelley, plaintiff's decedent, died in 1973, allegedly as a result of an adverse reaction to lidocaine hydrochoride (trade name xylocaine), a local anesthetic drug manufactured by defendant Astra Pharmaceutical Products, Inc. (hereinafter Astra). The xylocaine was administered to plaintiff's decedent by Dr. Jerry K. Brunsoman, who was associated with defendant MacKay & Fuller D.D.S. Professional Association. The United States Food and Drug Administration (hereinafter FDA), an agency of the Department of Health, Education and Welfare, had previously found xylocaine "safe for use" and approved the introduction of the drug into interstate commerce.
 
 
 4
 This wrongful death action was instituted by plaintiff Carol Gelley, as trustee for the heirs of Richard Gelley, in this Court in 1974. The plaintiff's complaint alleges that FDA personnel, as well as the other defendants, were negligent, that some defendants are liable on a strict liability theory, and that defendant Astra is independently liable because it violated the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, Et seq. Plaintiff has filed a "protective" action in the Ramsey County District Court against the same parties, except for the United States.
 
 
 5
 * * * Generally, plaintiff's theory of liability against the government is that the FDA negligently failed to withdraw its prior approval of xylocaine and negligently failed to enforce the provisions of the Food, Drug and Cosmetic Act and its own regulations relating to information collection and labeling changes, thereby allowing xylocaine to remain in interstate commerce in a misbranded and/or adulterated condition. See 21 U.S.C. §§ 351, 352. (Gelley v. Astra Pharmaceutical Products, Inc., 466 F.Supp. 182, 184-85 (D.Minn.1979) (footnote omitted) (hereinafter Gelley v. Astra ).)
 
 
 6
 Appellant claims the right to sue the Government under 28 U.S.C. §§ 1346(b) and 2674.[2] Under those sections, governmental liability turns on whether a private person under like circumstances would incur liability to the claimant "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The district court applied the law of the District of Columbia in dismissing the action:
 
 
 7
 As the law of the place where the act or omission occurred is the focal point with respect to whether liability may be imposed under the Act, the law of the District of Columbia governs the immediate question of whether the government, if a private individual, would be liable under like circumstances. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). (Gelley v. Astra, supra, 466 F.Supp. at 185 (footnote omitted).)
 
 
 8
 The district court, however, did not rely specifically on any cases arising in the District of Columbia. Rather, the court determined that under general tort law principles no right of recovery exists in the District of Columbia or elsewhere for an action against a private party similar in nature to Gelley's complaint. The district court stated:
 
 
 9
 The law of the District of Columbia does not impose a tort duty on private persons to perform activities required by the FDA regulatory scheme. Regulatory activity engaged in by FDA personnel simply has no counterpart in private activity and thus cannot give rise to liability under the common law of the District of Columbia or elsewhere. Therefore, as the law of the place where the act or omission occurred would not impose a duty upon a private person under these circumstances, FDA personnel similarly owed no actionable tort duty to the plaintiff's decedent. Davis v. United States, 536 F.2d 758 (8th Cir. 1976); Devlin Lumber & Supply Corp. v. United States, 488 F.2d 88 (4th Cir. 1973); In re Franklin National Bank Securities Litigation, 445 F.Supp. 723 (E.D.N.Y.1978). (Gelley v. Astra, supra, 466 F.Supp. at 185-86.)
 
 
 10
 Gelley correctly observes that under the FTCA the whole law of the place where the act or omission occurred becomes applicable, including its conflict of law principles. See Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Noting that the bulk of the FDA activity addressed in the complaint occurred in the District of Columbia, Gelley contends that the District, applying its conflicts principles, would look to Minnesota law to determine whether Gelley's complaint states a cause of action.
 
 
 11
 The District of Columbia has adopted an "interest analysis" approach to resolving conflict of law questions. See Semler v. Psychiatric Institute of Washington, D. C., 188 U.S.App.D.C. 41, 575 F.2d 922 (D.C.Cir.1978); Gaither v. Myers, 131 U.S.App.D.C. 216, 404 F.2d 216 (D.C.Cir.1968). The District of Columbia Circuit describes the interest analysis as follows:
 
 
 12
 Simply stated, the method of governmental interest analysis is (1) to identify the state policies underlying each law in conflict, and (2) to decide which state's policy would be advanced by having its law applied to the facts at bar. (Semler v. Psychiatric Institute, supra, 188 U.S.App.D.C. at 43, 575 F.2d at 924 (footnote omitted).)[3]
 
 
 13
 We assume, without deciding, that under the interest analysis approach the District of Columbia would apply the substantive law of Minnesota.[4] That assumption, however, does not aid Gelley's cause. Minnesota recognizes no private cause of action for violations of governmental duties owed the public in general, similar to those duties performed by the FDA. Cracraft v. City of St. Louis Park, 279 N.W.2d 801 (Minn.1979).[5]
 
 
 14
 In Cracraft, a municipal fire inspector conducted a fire inspection on school premises as required by municipal ordinance. The inspector failed to notice a highly flammable liquid stored in drums on the school dock. Subsequently the drums of liquid exploded, causing injuries and death to school students. Parents of these children brought actions against the municipality, seeking damages for injuries or wrongful death. They alleged that the city fire inspector failed in his duty of due care in making the inspection.
 
 
 15
 The Minnesota Supreme Court sustained the summary dismissal of the suit, holding that
 
 
 16
 a municipality does not owe any individual a duty of care merely by the fact that it enacts a general ordinance requiring fire code inspections or by the fact that it undertakes an inspection for fire code violations. A duty of care arises only when there are additional indicia that the municipality has undertaken the responsibility of not only protecting itself, but also undertaken the responsibility of protecting a particular class of persons from the risks associated with fire code violations. (Id. at 806.)
 
 
 17
 The Minnesota court elaborated on the indicia needed to impose liability:
 
 
 18
 At what point, then, does the municipality assume to act for the protection of others as distinguished from acting merely for itself when it inspects the activities of third parties for fire code violations? There is no bright line. But, without intending to be exhaustive, there are at least four factors which should be considered. First, actual knowledge of the dangerous condition is a factor which tends to impose a duty of care on the municipality. Second, reasonable reliance by persons on the municipality's representations and conduct tends to impose a duty of care. Of course, reliance on the inspection in general is not sufficient. Instead, the reasonable reliance must be based on specific actions or representations which cause the persons to forego other alternatives of protecting themselves. Third, a duty of care may be created by an ordinance or statute that sets forth mandatory acts clearly for the protection of a particular class of persons rather than the public as a whole. Finally, the municipality must use due care to avoid increasing the risk of harm. (Id. at 806-07 (footnotes omitted).)
 
 
 19
 We note that Minnesota treats municipalities as private persons in negligence cases. Cracraft v. City of St. Louis Park, supra, 279 N.W.2d at 804-06. The Minnesota Supreme Court observed that its holding the municipality not liable for negligent inspection is consistent with the common law rule that generally no duty exists to prevent the misconduct of a third person.[6] The fact that municipalities are treated the same as private persons under Minnesota law makes the Cracraft case crucially important in assessing Gelley's contention that the complaint states a cause of action under the FTCA.
 
 
 20
 Appellant, however, cites Lorshbough v. Township of Buzzle, 258 N.W.2d 96 (Minn.1977), contending that under Minnesota law a governmental body incurs liability for the failure of its employees to comply with a regulation. The Cracraft court rejected application of Lorshbough to the circumstances present in Cracraft, observing:
 
 
 21
 Nor are we concerned with the duty of a municipality to comply with its own safety codes as we were in Lorshbough v. Township of Buzzle, 258 N.W.2d 96 (Minn.1977). These duties to comply with the law are analogous to those owed by private persons, and a breach of such duties can be the basis of a lawsuit against the municipality just as it can be the basis of a lawsuit against private tortfeasors. We are, instead, considering the municipality's unique duty to enforce the law by taking steps to assure that third persons comply with the law. (Id. at 803.)
 
 
 22
 Applying standards set forth in Cracraft, we conclude that the elements necessary to impose liability under Minnesota law do not exist under appellant's theory of governmental liability asserted in the complaint namely, that the FDA failed to insure Astra's fullest compliance with applicable statutes and regulations regarding adverse drug reaction reporting, advertising and promotion of the drug.
 
 
 23
 First, appellant does not, and could not, claim that FDA officials knew that Mr. Gelley would suffer an adverse reaction to the drug. Second, appellant makes no claim that the decedent relied on specific actions or representations of the FDA as an assurance of safety. Third, although appellant alleges that Minn.Stat. § 151.36 (1978) would create a duty on the part of one acting as the FDA did in this case, that statute merely defines drug misbranding. The Government's alleged negligence lies in allowing the company to market an allegedly misbranded drug. Moreover, the statute cited by appellant does not set forth "mandatory acts clearly for the protection of a particular class of persons rather than the public as a whole." Cracraft, supra, 279 N.W.2d at 807. Fourth and finally, any failure of the FDA to furnish the public full information concerning xylocaine, an allegedly "misbranded" and "dangerous" drug, would not Increase the hazards presented by that already marketed product.
 
 
 24
 Having considered the principles announced by the Minnesota Supreme Court in Cracraft, we reject Gelley's contention that the complaint in this case states a claim cognizable under Minnesota law. Assuming that that law is applicable under the FTCA, the complaint fails to state a cause of action.
 
 
 25
 Appellant maintains that a duty of care arose under the federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 Et seq. (1976). However, that Act aims to protect the general public, not any particular class of persons. Moreover, federally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, unless state law imposes a similar obligation upon private persons. See Zabala Clemente v. United States, 567 F.2d 1140, 1149-50 (1st Cir. 1977), Cert. denied, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); Davis v. United States, 536 F.2d 758 (8th Cir. 1976); Devlin Lumber & Supply Corp. v. United States, 488 F.2d 88 (4th Cir. 1973); United States v. Smith, 324 F.2d 622, 624-25 (5th Cir. 1963); In re Franklin National Bank Securities Litigation, 445 F.Supp. 723 (E.D.N.Y.1978). As the district court noted, substantial doubt exists whether tort law principles in any state would hold a private person liable for conduct similar to that of the FDA in this case.
 
 
 26
 Finally, as a further bar to appellant's claim under the FTCA, we agree with the district court's determination that the "discretionary function" exception, 28 U.S.C. § 2680(a) (1976), also applies. See First National Bank in Albuquerque v. United States, 552 F.2d 370 (10th Cir. 1977); Gray v. United States, 445 F.Supp. 337 (S.D.Tex.1978).
 
 
 27
 Thus, the district court properly dismissed the action against the United States. With the Government out of the lawsuit, no basis exists to assert federal jurisdiction over the other defendants. Accordingly, we affirm the dismissal of the action as against all parties. With respect to the nongovernmental defendants, we stress that our dismissal rests on jurisdictional grounds, not the merits.
 
 
 28
 Affirmed.
 
 
 
 *
 JOHN K. REGAN, United States Senior District Judge, Eastern District of Missouri, sitting by designation
 
 
 [1]
 Gelley v. Astra Pharmaceutical Products, Inc., 466 F.Supp. 182 (D.Minn.1979) (MacLaughlin, J.)
 
 
 [2]
 These sections provide in relevant part:
 28 U.S.C. § 1346(b)
 (T)he district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 28 U.S.C. § 2674
 The United States shall be liable * * * in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.
 
 
 [3]
 For a detailed analysis of these principles, See G.L. Milhollin, The New Choice of Law in the District of Columbia, 24 Cath.U.L.Rev. 448-89 (1975)
 
 
 [4]
 Key factors under the interest analysis might well include the place where the accident occurred and the residence of decedent and his heirs. See Semler v. Psychiatric Institute of Washington, D. C., supra
 
 
 [5]
 The Minnesota Supreme Court divided 6 to 3. Justices Scott, Kelly, and Yetka dissented
 
 
 [6]
 The Cracraft court quoted the Restatement (Second) of Torts as follows:
 Restatement, Torts (2d), 324A, states in part: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect (sic) his undertaking, if
 "(a) his failure to exercise reasonable care increases the risk of such harm * * *." See, also, Restatement, Torts (2d), § 323(a). (Id. at 807 n.11.)