Jerry **FULLMER**, et al., Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. 2:95–CV–0009–S.

United States District Court,
D. Utah,
Central Division.

July 21, 1997.

Lynn C. Harris, Spence, Moriarity & Schuster, Provo, UT, Robert P. Schuster, Spence, Moriarity & Schuster, Jackson, WY, for Plaintiff.

William Ryan, Asst. U.S. Atty., Carlie Christensen, Asst. U.S. Atty., Jeannette F. Swent, Asst. U.S. Atty., United States Attorney Office, District of Utah, Salt Lake City, UT, Conrad S. Kee, U.S. Army Judge Advocate General, Arlington, VA, for Defendant.

## MEMORANDUM DECISION REGARDING DEFENDANT'S MOTION TO DISMISS

SAM, Chief Judge.

### I. INTRODUCTION

Before the court is defendant's motion to dismiss certain of plaintiffs' allegations of negligence for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The basis of the motion is defendant's assertion that no cause of action exists under the Federal Tort Claims Act ("FTCA") with respect to alleged acts or omissions attributed to emergency medical technician ("EMT") Tony Zakotnik and "the system" at the United States Army's Dugway Proving Grounds ("Dugway").

The full facts of this matter are adequately set forth in the pleadings and will not be repeated in full here. Briefly, however, this action arises out of an incident which occurred at Dugway on June 30, 1992, when Mrs. Fullmer experienced severe respiratory problems and sought treatment at the Dugway Health Clinic. Plaintiffs have alleged either EMT Zakotnik or Dr. Robert Frampton failed to intubate Mrs. Fullmer in a timely manner following respiratory arrest. Plaintiffs also purport to allege negligence by the system or the clinic at Dugway. This case was tried to the court prior to this motion being filed. The court's findings of fact and conclusions of law relating to the trial of this matter are filed concurrently herewith.

### II. DISCUSSION

A. *Jurisdiction over claims attributed to negligence of EMT Zakotnik*

The United States first claims that the court has no jurisdiction over tort claims based on the alleged acts or omissions attributed to EMT Zakotnik because a private person would not be liable under comparable circumstances and, therefore, the United States has not waived its sovereign immunity.

"It is axiomatic that the United States may not be sued without its consent

and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The FTCA authorizes actions against the United States for damages caused by the negligence of government employees under circumstances where a private person would be liable under state law. 28 U.S.C. § 1346(b). "It is well established that where a negligence claim is based on a violation of a federal statute or regulation, no claim will lie under the FTCA in the absence of some other duty under the applicable state law." *Klepper v. City of Milford, Kansas,* 825 F.2d 1440, 1448 (10th Cir.1987); *see also Black Hills Aviation, Inc. v. United States,* 34 F.3d 968, 973 n. 2 (10th Cir.1994)("violation of a federal regulation in and of itself is not a basis for liability under the FTCA").

The court agrees with the United States that plaintiffs have not established a breach of a duty with respect to Mr. Zakotnik under circumstances where a private person would be liable to the claimant in accordance with the law of Utah. Trial testimony established that an EMT Basic,[1] such as Mr. Zakotnik, with Advanced Cardiac Life Support ("ACLS") training has no duty to intubate a patient in Utah.[2]

Plaintiffs contend that although state law may prohibit an EMT Basic from performing intubation, trial testimony supports the proposition that under Utah law each medical institution can decide whether to allow an EMT to perform intubation. Plaintiffs urge that under the ACLS Handbook the medical staff of an institution determines the EMT's scope of practice including the right to intubate.[3] Relying on two clinic documents, plaintiffs contend that EMTs with ACLS training are directed to intubate patients in respiratory distress if needed and if no doctor is present.[4]

The court agrees with defendant that neither the ACLS Handbook nor clinic documents can alter Utah law on negligence and thereby waive the sovereign immunity of the United States. Plaintiffs' claim that Utah law yields to the requirements of the ACLS Handbook is incorrect. The evidence reflects that the ACLS Handbook defers to the licensure law and medical practice of the state.[5] Additionally, plaintiffs' reliance upon the clinic documents for the proposition that EMT Zakotnik had a duty to intubate is misplaced. If the court finds no analogous liability under Utah law, without reference to federal law, regulation or policy, the inquiry

1. EMTs are classified in Utah according to their expertise and training. The levels of classification are EMT Basic, EMT Intermediate, and EMT Paramedic.

2. Where a physician personally gives an EMT Basic special training and accepts liability for that person's treatment under the physician's own medical license it may then be within the scope of practice of an EMT Basic in Utah to intubate. Such is not the case here.

3. As represented by plaintiffs, the ACLS Handbook states, "The authority of ... health professionals to perform certain procedures may be based on a delineation of privileges extended by the medical or nursing staff of an institution in accordance with established medical, nursing, and paraprofessional practice policy in that institution or state or on legislative statutes." Textbook of Advanced Cardiac Life Support 9 (American Heart Association 1987).

4. The Dugway clinic's Standing Operating Procedure for Acute Care Room Cases provides that a patient in respiratory distress is to be given oxygen and "intubation will be attempted by qualified personnel (if indicated by the MOD [medical officer on duty] )". The clinic's Standard Operating Procedure relating to the Scope of Practice

for Emergency Medical Technicians provides that life threatening problems are to be addressed immediately and that "[l]ife saving measures will not be withheld by trained personnel in the event that the EMT is unable to reach a practitioner." Plaintiffs urge that these two documents taken together direct a Dugway clinic EMT to perform intubation if needed and if no doctor is present.

5. The record contains the following quoted language from the standards and guideline for cardiopulmonary resuscitation in emergency cardiac care published by the American Heart Association and reprinted from the Journal of the American Medical Association.

For the purpose of BLS and ACLS, the term certified is equivalent to successful completion of a BLS or ACLS course. It indicates satisfactory completion according to cognitive and performance testing at the time of BLS or ACLS testing. There is no intent to warrant future BLS or ACLS performance or to indicate or suggest a form of licensure because some misunderstanding has resulted from the use of the term certified as it has been applied to BLS, ACLS or both.

Barnson TR. 10–11.

ends. *See Gammill v. United States*, 727 F.2d 950, 953 n. 4 (10th Cir.1984)("It would be anomalous for us to infer a private right of action based upon [a U.S. Army regulation and Fort Carson standard operating procedure] after having found no such right attaching to the underlying civilian laws."); *Gelley v. Astra Pharmaceutical Products, Inc.*, 610 F.2d 558, 562 (8th Cir.1979)("federally imposed obligations, whether general or specific, are irrelevant to ... inquiry under the FTCA, unless state law imposes a similar obligation upon private persons."); *Zabala Clemente v. United States*, 567 F.2d 1140, 1144 (1st Cir.1977)("plaintiffs cannot use the implicit sovereignty of the government to argue that all its internal communications establish standards of care similar to those created by duly promulgated laws of general application."); *Art Metal–USA, Inc. v. United States*, 753 F.2d 1151, 1157 (D.C.Cir. 1985)("duties embodied in federal statutes and regulations may give rise to a claim under the FTCA, but only if there are analogous duties under local tort law."). *Custodio v. United States*, 866 F.Supp. 479, 484 (D.Col. 1994)("The 'law of the place' requirement is not met by violations of federal regulations or statutes that do not impose duties analogous to those imposed by local law."). "Even if specific behavior is statutorily required of a federal employee, the government is not liable under the FTCA unless state law recognizes a comparable liability for private persons." *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir.1995). The record reflects that EMT Zakotnik had no duty under Utah law to intubate Mrs. Fullmer. Therefore, the inquiry must end.

In any event, the clinic documents relied upon by plaintiffs would require EMT Zakotnik to intubate only if directed to do so by the doctor on duty or where he is "unable to reach a practitioner." Such was not the case here. EMT Zakotnik was not instructed by Dr. Frampton to intubate Mrs. Fullmer in his absence. Additionally, Dr. Frampton was only minutes away and Zakotnik and Howe were informed that he was en route.

In summary, plaintiffs may not base their negligence claims on alleged breaches of Dugway clinic policies and procedures. Plaintiff must establish comparable liability for private persons under Utah law. This plaintiffs have failed to do. Plaintiffs, therefore, have failed to establish a claim under the FTCA and the limited waiver of sovereign immunity does not apply. The court has no jurisdiction over claims based on acts or omission of EMT Zakotnik.

B. *Jurisdiction over Plaintiffs' claims of negligence against the "system"*

Defendant next contends that, although not alleged in the complaint, plaintiffs claimed at trial that the "system" at the Dugway clinic was negligent and the cause of Mrs. Fullmer's injury. The United States contends that plaintiffs' claims against it are barred because of the discretionary function exception to the FTCA.[6] "The Fullmers maintain that the Dugway Clinic acted negligently in two ways. First, the Clinic admitted Mrs. Fullmer and undertook to treat her. As such it had a duty to behave reasonably and meet the standard of care required by law." Plaintiffs' Memorandum in Opposition

6. *See* generally, *Domme v. United States*, 61 F.3d 787, 788–789 (10th Cir.1995), wherein the discretionary function exception is explained as follows:

Under the FTCA, the United States waives its sovereign immunity with respect to certain injuries caused by government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). The FTCA contains an exception to this broad waiver of immunity, however, for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* § 2680(a). Section 2680(a) is commonly referred to as the "discre-

tionary function exception" to the FTCA .... "The discretionary function exception ... marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." ... If the discretionary function exception applies to the challenged governmental conduct, the United States retains its sovereign immunity and the district court lacks subject matter jurisdiction to hear the suit ....
Only if the United States waives its sovereign immunity pursuant to the FTCA does the question of whether the government owed the plaintiffs a duty of care under state law arise.

to Motion to Dismiss, p. 8. Apparently, the second way in which plaintiffs allege the Dugway clinic acted negligently relates to staffing and training.

> The Fullmers assert that the Clinic authorized its staff to handle emergencies. In allowing the ACLS EMTs to treat life-threatening situations, the Clinic must adequately prepare them for those circumstances. However, although it bestowed this authority, the Clinic failed to support the EMTs. It therefore also failed Mrs. Fullmer. *Defendant failed to adequately staff, train and manage the Clinic.*

Plaintiffs Memorandum in Opposition to Defendant's Motion to Dismiss, p. 9 (emphasis added).

To the extent plaintiffs allege negligence on the part of the "system" or the clinic based on the negligence of defendant due to failure to adequately staff the clinic, and to train and manage clinic personnel, the court agrees with defendant that those claims fall within the discretionary function exception of the FTCA and the court lacks subject matter jurisdiction over such claims.

■ The FTCA authorizes actions against the United States for damages caused by the negligence of government employees under circumstances where a private person would be liable under state law. 28 U.S.C. § 1346(b). However, sovereign immunity is not waived under the FTCA as to "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Thus, the determination of whether the discretionary function exception applies is independent of any considerations of negligence. *Dalehite v. United States,* 346 U.S. 15, 32, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

■ A two-pronged test is used to determine whether the discretionary function exception applies. First, "[t]he exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *United States v. Gaubert,* 499 U.S. 315, 321, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)(quoting *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 100

L.Ed.2d 531 (1988)). Second, if the conduct in question is the product of judgment or choice, the court must decide "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" i.e. decisions "'grounded in social, economic and political policy...'" *Id.* at 322–323, 111 S.Ct. 1267 (quoting *Berkovitz,* 486 U.S. at 536, 108 S.Ct. 1954 and *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984)).

The first prong of the two-part test is satisfied. Both Major Lucas and Dr. Boyea testified at trial that the staffing, training of personnel and management of the clinic were matters left to the discretion of the base and clinic leadership. Moreover, there is no evidence before the court of any statute or regulation mandating specific conduct regarding staffing, training and managing the clinic or its personnel. *See Gaubert,* 499 U.S. at 329–30, 111 S.Ct. 1267 (finding discretion where "neither party has identified formal regulations governing the conduct in question.") *Kiehn v. United States,* 984 F.2d 1100, 1103 (10th Cir.1993)(finding that government's actions are discretionary where there is no evidence that the government "followed some policy or statutory directive"); *Johnson v. United States Dep't of Interior,* 949 F.2d 332, 337 (10th Cir. 1991)(same).

The court, having concluded that the challenged conduct involves discretionary judgment, proceeds to the second prong of the discretionary function test which is to "determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz,* 486 U.S. at 536, 108 S.Ct. 1954. "The exception ... protects only governmental actions and decisions based on considerations of public policy." *Id.* at 537, 108 S.Ct. 1954. *See also Domme v. United States,* 61 F.3d 787, 791 (10th Cir.1995)(quoting *Gaubert,* 499 U.S. at 324–25, 111 S.Ct. 1267),

> In the Supreme Court's most recent case involving the discretionary function exception, the Court stated:
>
> > When established governmental policy ... allows a Government agent to exer-

cise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion .... The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by ... regulations, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

The United States has adequately set forth testimony supporting the conclusion that decisions of the type at issue are susceptible to policy analysis. The testimony of Major Lucas and Dr. Boyea established that the discretionary decisions by the Dugway clinic leadership regarding staffing, training, and management involved considerations such as mission requirements, allocation of limited resources, personnel management and other military factors. Military policy determinations involving balancing of mission requirements, limited resources, and the expertise of army personnel are precisely the type of determinations protected by the discretionary function exception to the FTCA. *Black Hills Aviation, Inc. v, United States*, 34 F.3d 968, 976 (10th Cir.1994). Although plaintiffs claim that the clinic staffing, training and organization decisions are medical decisions not included within the discretionary function exception, those matters, nevertheless, squarely satisfy the two-pronged test the court "must" apply. *Domme v. United States*, 61 F.3d 787, 789 (10th Cir.1995). *See Barnson v. United States*, 816 F.2d 549, 553 (10th Cir.), *cert. denied*, 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987)(while medical decisions may not be within the discretionary function exception, decisions based on political policy fall within the exception). Decisions relating to staffing and training of personnel, as opposed to medical care and treatment of a specific patient, which satisfy the test are within the exception. The cases relied upon by plaintiffs in support of their position are, as outlined by defendant, either distinguishable from the present situation or simply not supportive of their position. *See* Defendant's Reply Memorandum, pp. 12–14.

### III. CONCLUSION

For the reasons stated, defendant's motion to dismiss plaintiffs' claims of negligence based on the alleged acts or omissions of EMT Zakotnik and the "system" or clinic at Dugway is GRANTED.