Robert J. **TOPPI**

v.

**UNITED STATES of America.**

No. 42034.

United States District Court, E. D. Pennsylvania.

May 27, 1971.

Gary Leedes, Philadelphia, Pa., for plaintiff.

Edwin E. Naythons, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

VAN ARTSDALEN, District Judge.

The defendant has moved for summary judgment claiming lack of jurisdiction over the subject matter and that the complaint, alleging a cause of action under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. (1965), fails to state a claim upon which relief can be granted. This motion is denied.

The plaintiff filed this complaint under the Federal Tort Claims Act alleging several theories of liability and seeking damages for injuries he received from an explosion which occurred as he was disposing of certain chemicals by incineration for his employer, Thiokol Chemical Corporation. He alleges that the government supplied inspectors who had the duty both to inspect production and to inspect the incineration of the chemicals used in production and that the inspectors were negligent in the performance of those duties. The plaintiff also claims that the United States breached its warranty by selling defective tetryl, an explosive chemical, to his employer which when disposed of by incineration exploded.

Since this suit was brought under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. (1965), it is clear that, as alleged by the plaintiff, this court has jurisdiction of the subject matter of this case under 28 U.S.C.A. § 1346(b) (1962).

For this court to grant summary judgment, it must appear that there is no genuine issue of fact to be resolved by the court.

"It is well settled that on a motion for summary judgment the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue on the movant." Janek v. Celebrezze, 336 F.2d 828, 834 (3rd Cir. 1964), cited in Season-All Indus. Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S., 425 F.2d 34, 40 n. 13 (3rd Cir. 1970).

Therefore, in this case the allegations and supporting affidavits of the parties must be examined to determine if the plaintiff has created an issue of fact upon which a viable cause of action can be founded.

■■ The Federal Tort Claims Act removes the shield of immunity from the United States and allows injured plaintiffs to maintain certain actions against the federal government if such an action would exist against an individual under state law. Frazier v. United States, 412 F.2d 22, 23 (6th Cir. 1969). In this case the law of Pennsylvania is the applicable law. Plaintiff's first contention is that the government placed inspectors in the Thiokol Chemical Corporation plant to inspect production involving tetryl, a dangerous explosive, sold to Thiokol by the United States Naval Ammunition Depot. This inspection was to determine whether the tetryl's use in production was safe and to prevent an incompatible mixture from being produced. The failure of the government to properly inspect is alleged to have allowed an improperly mixed substance containing tetryl to pass through the production process and ultimately to the destruction point at the incinerator. It is further alleged that the government normally provides an inspector who had the duty of preventing the improper and unsafe incineration of the chemicals involved in production. As a result of the negligence of these government inspectors in inspecting or failing to inspect, tetryl was placed in the incinerator at which time it blew up severely injuring the plaintiff. See the affidavit of Frank M. Goodrich, a former United States inspector at the Thiokol plant. This allegation raises a sufficient question of fact and cause of action in negligence under the law of Pennsylvania, and thus this court need not examine the plaintiff's other theories of liability.

The Restatement of Torts Second, Section 324A (1965), provides a basis for a cause of action under the alleged facts:

"324A. Liability to Third Person for Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third

person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Comment b to Section 324A further explains the section stating:

"This Section applies to any undertaking to render services to another, where the actor's negligent conduct in the manner of performance of his undertaking, or his failure to exercise reasonable care to complete it, or to protect the third person when he discontinues it, results in physical harm to the third person or his things. It applies both to undertakings for consideration, and to those which are gratuitous."

One factual issue arising under this section is whether the government inspector was acting solely for the government or at least partially acting for Thiokol. Since for our purposes now this issue must be decided in favor of the plaintiff, his factual allegations place him within Section 324A.

It is contended by the defendant that the case of Fisher v. United States of America (United States of America v. Brewster & Son), Inc., et al., 441 F.2d 1288 (3rd Cir. 1971), controls our decision here. That decision dealt with a suit in which the United States was sued vicariously as a landowner for the negligence of an independent contractor it had hired to construct a dam. The plaintiff, an employee of the independent contractor, was injured while working on the dam site. The court held that mere ownership of property and the presence of government safety inspectors did not constitute sufficient control by the United States over the acts of the independent contractor to hold it vicariously liable for the negligent acts of that contractor. In the instant case we are not dealing with the liability of a landowner for the negligent acts of a third party, rather we are dealing with an alleged inspection undertaken but negligently performed by the government itself and, thus, the *Fisher* case is not apposite.

■ It should be noted, however, that no cause of action is viable in this case upon any theory that the government controlled the production at Thiokol and thus is vicariously liable for the injuries to the plaintiff. It is clear that the presence of the government safety inspectors did not constitute control over the independent contractor, Thiokol. *See Fisher* at 1291–1292. The requisite control would not have been present even if the inspectors had the power to shut down the production line if the misuse of tetryl became dangerous. Without this control the government cannot be held vicariously liable for the acts of the third party. See sections 315, 317 and 318 of the Restatement of Torts Second (1965).

While there is considerable doubt as to the actual facts in this case, and the theory upon which plaintiff seeks to impose liability, a summary judgment should not be granted except where the circumstances clearly indicate that no cause of action on any legally acceptable theory can be raised. Plaintiff may be able to establish that the government in fact undertook inspection, that such undertaking was negligently performed, and that plaintiff reasonably relied on such inspection thereby causing his injuries. While agreeing with defendant that plaintiff cannot impose liability vicariously on the defendant on any theory of control by defendant over conduct of Thiokol Chemical Corporation, conceivably a cause of action arising out of direct negligence by defendant's employees may be proved. In any event plaintiff should be afforded an opportunity to present his case at trial, rather than having it summarily dismissed at this preliminary stage.