**Brenda P. MOSLEY, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV-2-77-177.**

United States District Court, E. D. Tennessee, Northeastern Division.

July 11, 1978.

Bobby Ray Tate, and M. Lacy West, Kingsport, Tenn., for plaintiff.

John H. Cary, U. S. Atty., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq., for damages for wrongful death. The Court treats the motion of the defendant United States of America (the government) for a dismissal for, *inter alia*, the failure of the plaintiff to state a claim against it on which relief can be granted or, alternatively, for a summary judgment as a motion for the latter and will dispose of it as provided in Rule 56, Federal Rules of Civil Procedure. Rule 12(b), Federal Rules of Civil Procedure.

■ The government, as the sovereign, is immune from suit except to the extent it consents to be sued; and, any such consent defines the parameters of this Court's jurisdiction to entertain actions against it. *United States v. Orleans* (1976), 425 U.S. 807, 813–814, 96 S.Ct. 1971, 1975–1976, 48 L.Ed.2d 390. The Federal Tort Claims Act, *supra*, constitutes but a limited waiver of this immunity. *Ibid.*, 425 U.S. at 813, 96 S.Ct. at 1975[1].

■ Thereunder, the government is liable in tort "* * * in the same manner and to the same extent as a private individual under like circumstances. * * *" 28 U.S.C. § 2674; *accord*: *Mider v. United States*, C.A. 6th (1963), 322 F.2d 193, 197[4]. "* * * Only if the laws of the state in which the alleged wrongful act occurred provide recovery in similar situations involving private parties does the Tort Claims Act take effect. * * *" *Myers & Myers, Inc. v. United States Postal Serv.*, C.A. 2d (1975), 527 F.2d 1252, 1260[9].

■ The gravamen of the plaintiff's claim herein, as amended, is that her husband, a crusher operator, was killed in Tennessee while working at his place of employment; that his employer was engaged in mining operations, the premises of which were inspected periodically by the government's employees in its Department of the Interior, division of mining enforcement and safety administration; that such federal employees were negligent: in inspecting a certain head pulley and conveyor system located thereon, in failing to require such equipment to be guarded adequately and equipped properly, in violation of the provisions of the Federal Metal and Nonmetallic Mine Safety Act (Mine Safety Act), 30 U.S.C. §§ 721, et seq., the regulations promulgated thereunder, and a Tennessee statute, and in failing to abate violations of such federal standards; that such negligence was a proximate cause of her decedent's death; and that the government's mine inspectors would, if acting under the same circumstances as private persons, be liable to her under the law of Tennessee for the wrongful death of her husband. Pretrial order of May 2, 1978 herein, II(a).[1] Under her claim, the law of Tennessee, including its rules governing conflict of laws, controls. *Richards v. United States*

(1962), 369 U.S. 1, 11, 82 S.Ct. 585, 592[7], 7 L.Ed.2d 492; *Gowdy v. United States*, C.A. 6th (1969), 412 F.2d 525, 527[1], certiorari denied (1969), 396 U.S. 960, 90 S.Ct. 437, 24 L.Ed.2d 425, rehearing denied (1970), 396 U.S. 1063, 90 S.Ct. 750, 24 L.Ed.2d 756. The conflict of law rules of Tennessee require an allusion to the substantive law of this state. *Telecommunications, E. S. & S. Co. v. Southern T. S. Co.*, C.A. 6th (1975), 518 F.2d 392, 394[4]; *Winters v. Maxey* (Tenn., 1972), 481 S.W.2d 755, 756[1].

■ The plaintiff's claim, being that of actionable negligence, there are 3 elements necessary to support her cause of action herein: "* * * (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) a causal relation between the injury to the plaintiff and [the] defendant's breach of his duty of care. * * *" *Shouse v. Otis* (1969), 224 Tenn. 1, 448 S.W.2d 673, 676[1]. The government claims that it cannot be liable to the plaintiff for any negligence of its employees, because under the circumstances they owed no duty of care to the plaintiff's decedent in connection with their inspection activities. There is merit to this contention.

■ The purpose of the Mine Safety Act, *supra*, was to extend federal supervision of mine safety to mines of all types and character other than coal and lignite mines (which are regulated under different statutes). *Chaneyfield v. City of New York*, C.A. 2d (1975), 525 F.2d 1333, 1335, certiorari denied (1976), 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763. It was not the congressional intention, however, to create thereby a private cause of action by, or on behalf of, an employee injured or killed as a result of a violation of that statute. *Ibid.*, 525 F.2d at 1335[1]; see also 30 U.S.C. § 738(c).[2]

1. This pretrial order supplants by its terms the pleadings herein and controls the subsequent course of this action. Rule 16, Federal Rules of Civil Procedure; *United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 17, 5 L.Ed.2d 8, rehearing denied (1960), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372.

2. "* * * Nothing in this chapter shall be construed or held * * * to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under State or territorial laws in respect of injuries, occupational or other diseases, or death of employees arising out of, or in the course of, employment. * * *" 30 U.S.C. § 738(c).

■ The inspection provisions of the Mine Safety Act and its regulations apply only to federal officers and employees. The obligations thereunder are imposed upon such federal officers and employees, and a private person has no duty thereunder to inspect or cause the inspection of mines. These federal inspection provisions can have no counterpart in private activity and give rise to no liability under the common law. *Devlin Lumber & Supply Corp. v. United States,* C.A. 4th (1973), 488 F.2d 88, 89 (involving an alleged breach of duty under the Miller Act). So, an action cannot be maintained against the government under the Tort Claims Act for an alleged negligent inspection by federal mine inspectors, since such conduct does not constitute a duty, the breach of which would give rise to a private civil remedy. *Martha Krajnik, administratrix, etc.,* plaintiff, v. *John F. Meisner Engineers, Inc., et al.,* defendants, no. 74–10071 in the Eastern District of Michigan, Northern Division, memorandum opinion and order of March 17, 1976. *Cf.* also *Davis v. United States,* D.C.Neb. (1975), 395 F.Supp. 793, 795–796[3, 4], affirmed C.A. 8th (1976), 536 F.2d 758, and *Hobart H. Kirby,* plaintiff, v. *Insurance Company of North America, et al.,* defendants, civil action no. 77–L–0146–NE in the Northern District of Alabama, Northeastern Division, order of October 20, 1977, (with reference to the alleged negligence of federal employees acting under the Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651, et seq.). See also *Russell v. Bartley,* C.A. 6th (1974), 494 F.2d 334 (holding that OSHA creates no private civil remedy in favor of employees). Thus, the inspection provisions of the Mine Safety Act, *supra,* and regulations promulgated pursuant thereto do not impose any duty under Tennessee law on a private person acting under circumstances such as the federal inspectors are alleged to have acted herein.

■ The plaintiff next claims the government inspectors were negligent by their violation of the provisions of T.C.A. § 58–1107(a).[3] There is no applicability of this state statute to the facts the plaintiff alleged herein. It, along with related mine safety statutes of Tennessee, imposes duties both upon employers, T.C.A. § 58–1102, and upon employees, T.C.A. § 58–1103. It imposes no duty upon a mine inspector (and certainly none upon a private person), and it creates no right of action for money damages against any person alleged to have failed to have guarded adequately any item of equipment listed therein. For such reason, a private person would not be liable to the plaintiff under the circumstances presented.

Citing as support therefor *State v. Clymer* (1943), 27 Tenn.App. 518, 182 S.W.2d 425, certiorari denied (1943), the plaintiff then contends that, under the common law of Tennessee, inspectors of mines are liable civilly to persons injured or killed as a proximate result of the negligent performance of their (the inspectors') duties. That contention lacks merit.

*Clymer, supra,* involved an action to recover damages against two state mine inspectors and the sureties on their official bonds for personal injuries and the death of mine employees, in a mine explosion. It was alleged therein that the inspectors breached the conditions of their bonds by failing: to inspect the mine involved at least once in every 60 days, to place notices at the entrances thereof warning miners of the unsafe conditions therein, and to require the owners or operators of the mines to return them to a safe condition,

---

**3.** " * * * The following shall be guarded adequately:

  (1) Gears, sprockets, friction devices, and couplings with protruding bolts or nuts.  ·
  (2) Shafting and projecting shaft ends that are within seven (7) feet of floor or platform level.
  (3) Belt, chain, or rope drives that are within seven (7) feet of floor or platform.

  (4) Where fly wheels extend more than seven (7) feet above the floor, they shall be guarded to a height of at least seven (7) feet.
  (5) Circular and band saws and planers.
  (6) Repair pits shall be adequately guarded when not in use.
  * * *"

T.C.A. § 58–1107(a).

" * * * all as required by the [Tennessee] statutes. * * *" *Ibid.*, 182 S.W.2d at 427. The appellate court of Tennessee outlined the duties imposed upon those state inspectors by virtue of their public office and noted that those obligations were absolute, imperative and ministerial, and not merely discretionary. It was for the state mine inspectors' failure, as public officers, to discharge their statutory duties that they were "* * * civilly responsible to the parties injured. * * *" *Ibid.*, 182 S.W.2d at 430[9].

That Court summarized a line of Tennessee cases holding that, as a general proposition, a public official in Tennessee is liable civilly for his failure to perform the duties imposed upon him by the office he holds. Referring to the district mine inspector, the Court stated: "* * * The fact cannot be ignored that the statute imposed a positive duty upon [him] to inspect the mine for the safety and protection of the plaintiffs who were working in the mines. If he failed or neglected to perform this duty, this was actionable negligence for which he would be liable to the plaintiffs if his failure to inspect the mine was the proximate cause of the explosion and their consequent injuries. * * *" *Ibid.*, 182 S.W.2d at 431[11].

As is obvious, *Clymer, supra,* cannot be read as creating any duty or liability of private persons; it concerns the civil liabilities of Tennessee public officials who fail to perform specific statutory duties and has nought to do with duties or liabilities of private persons. Research has disclosed no Tennessee authority which recognizes a cause of action in this state for a private person's negligence in inspecting mines or mining equipment.

Lastly, the plaintiff urges that she is entitled to proceed against the government under the theory of the "good Samaritan rule," as set forth in Restatement of the Law Second, Torts 2d, §§ 323, 324A. It does not appear that Tennessee has ever applied this rule; the plaintiff cited no authority reflecting the adoption by Tennessee of either of the foregoing versions of it, and this Court is aware of none. Where Tennessee law is applicable, as here, there can be no recovery under a legal theory which does not appear to exist in this state. See *Becker v. Celebration, Inc.,* C.A. 6th (1976), 541 F.2d 156, 158[3].

No analogous private liability under the law of Tennessee giving rise to liability in this action against the government, see 28 U.S.C. § 2674, there has been no waiver of sovereign immunity by the government; consequently, this action cannot be maintained against the government. *Feres v. United States* (1950), 340 U.S. 135, 141–142, 71 S.Ct. 153, 157[6–8], 95 L.Ed. 152. Furthermore, strong policy considerations reinforce the conclusion that the national government should not be hampered by the prospect of tort liability in its efforts to protect the safety of those engaged in mining activities. As has been aptly observed:

\* \* \* \* \* \*

[T]o attempt to expand the relief available to victims and their families through the Federal Tort Claims Act in circumstances similar to those of this case would, we believe, have an unfortunate inhibiting effect on government safety measures. The end result of attaching liability to government attempts at all levels to supplement the safety precautions of private individuals and businesses, even when there is no reliance on the government's assistance, is far more likely to increase the reluctance of the government to involve itself in such matters than it is to install a higher quality of performance in the federal employees assigned to carry such functions out. We do not believe that the expanded role of the federal government in the safety area through such legislation as OSHA indicates an intent of Congress to make the United States a joint insurer of all activity subject to inspection under the statute or others. Nor do we believe that there is any sound policy basis for requiring that government attempts to protect the public must be accompanied by per se tort liability if they are unsuccessfully carried out.

\* \* \* \* \* \*

*Zabala Clemente v. United States*, C.A. 1st (1977), 567 F.2d 1140, 1150–1151[19–21], certiorari denied (1978), 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388.

It appearing from a generous construction of the plaintiff's claims that the government, if a private person, would not be liable to her herein in accordance with the law of Tennessee, 28 U.S.C. § 1346(b), the government's motion hereby is GRANTED, Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the plaintiff Brenda P. Mosley, administratrix of the estate of Theodore Mosley, Jr., deceased, take nothing from the defendant United States of America. Rule 58(1), Federal Rules of Civil Procedure.