Darlene MERCER, for herself as Administratrix of the Estate of William B. Mercer, and as next friend of Lauree Ann Mercer, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C–2–77–107.

United States District Court, S. D. Ohio, E. D.

Aug. 17, 1978.

David William T. Carroll, Columbus, Ohio, for plaintiffs.

James P. Klapps, David B. Waller, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This is an action against the United States for the wrongful death of plaintiff's decedent, William R. Mercer, who was killed on January 29, 1975, during the course of his employment at the Blue Rock Quarry Mines in Perry Township, Fayette County, Ohio. On October 2, 1974, and on other prior occasions, agents of the federal government undertook to inspect the Blue Rock Quarry Mine pursuant to 30 U.S.C. § 723(2). Plaintiff alleges that these inspections were negligently performed because they failed to disclose and that the defendant failed to order the correction of certain violations of safety standards which proximately resulted in the decedent's death.

Jurisdiction is asserted under 28 U.S.C. § 1346(b) which provides in relevant part:

. . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The government has moved for dismissal or for summary judgment because the plaintiff has alleged no act which would subject the United States, "if a private person," to liability under Ohio law. The Court believes this position to be well taken.

■ Section 1346(b) is part of the Federal Tort Claims Act (hereinafter referred to as the FTCA), which waives the federal government's sovereign immunity for torts which would be actionable under state law if committed by a private person under similar circumstances. It is well settled that the FTCA created no new causes of action but merely established a remedy for existing "ordinary common-law torts" of the government. *Dalehite v. United States*, 346 U.S. 15, 25 n.10, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Feres v. United States*, 340 U.S. 135, 141–42, 71 S.Ct. 153, 95 L.Ed. 152 (1950). It is also clear that the basis for liability must be the law of the place in which the act or omission occurred; a claim based exclusively on federal law will not invoke the Act. *See Baker v. F & F Investment Co.*, 489 F.2d 829, 835 (7th Cir. 1973); *Devlin Lumber & Supply Co. v. United States*, 488 F.2d 88, 89 (4th Cir. 1973); *Frazier v. United States*, 412 F.2d 22 (6th Cir. 1969); *United States v. Smith*, 324 F.2d 622 (5th Cir. 1963). Whether the United States is subject to liability under § 1346(b), and,

therefore, whether the jurisdiction of this Court is properly invoked, depends on whether a cause of action exists under the law of Ohio against a private person under like circumstances.

No Ohio case has been cited by the parties which would subject a private person to liability for the negligent performance of an inspection authorized by federal statute. Ohio law appears to distinguish those inspections which are conducted pursuant to statute from those which are undertaken pursuant to other legal authority such as a contractual agreement. Thus in *Durham v. Warner Elevator Mfg. Co.*, 166 Ohio St. 31, 139 N.E.2d 10 (1956), the Supreme Court of Ohio recognized that one who contracts to inspect and maintain an elevator and whose negligence in fulfilling those contractual obligations proximately results in injury to a third person is liable for those injuries.

Yet no liability has been imposed by Ohio law for the failure to perform a duty of inspection imposed by statute alone. *Shelton v. Industrial Commission*, 51 Ohio App.2d 125, 367 N.E.2d 51 (1976). *Shelton* was an action against a state agency for failure to inspect. In the context of the state waiver of immunity statute, an Ohio court of appeals addressed a question analogous to that presented here: whether the action would lie against a private party. The court reasoned that a private party's duty to inspect and enforce safety standards is not created by statute, but arises only by virtue of some other legal relationship, and that there is no rule of law making a private party liable for a failure to perform statutory duties of inspection. Therefore, the statute created no duty that would subject a state agency to liability under similar circumstances.

■ Plaintiff urges that in the absence of a contractual duty to inspect, once an inspection is undertaken, the inspector incurs a duty to perform the inspection with due care. Under certain circumstances that general proposition may be so. Moreover, today's decision is not a determination that a government inspector's personal torts while on the premises he inspects may nev-

er be within this Court's jurisdiction pursuant to 28 U.S.C. § 1346(b). However, the Court does not believe that liability attaches when, as here, the government is neither contractually obligated to perform an inspection nor otherwise is in possession or control of the subject of the inspection, but is conducting an inspection in accordance with a statute which seeks to cause mine operators to comply with safety standards as discussed hereinafter.

This Court agrees with the analysis of similar facts in *Davis v. United States*, 395 F.Supp. 793 (D.Neb.1975), aff'd., 536 F.2d 758 (8th Cir. 1976). In *Davis*, plaintiff sought to impose liability on the United States for the death of an employee allegedly resulting from the failure of an OSHA compliance officer to follow up on a safety violation citation. In that case, the court found that no state law permits Nebraska to place on private persons the duties cast upon federal officers by OSHA. As in Ohio, Nebraska law recognizes a duty of care owed by persons who by contract have expressly accepted the responsibility of supervising an entire project, and by persons who own or are in control of a dangerous operation. Reasoning that the federal compliance officer was not in control, actually, contractually or otherwise, and that he performed his duties solely because of the federal laws, the court held that he could not be said by the common law of Nebraska to have been "responsible" for or in "control" of the project. The court held that it lacked jurisdiction under the FTCA, distinguishing cases holding the United States liable where negligent acts occurred in the course of government projects, with respect to which the government stood as owner or possessor. *See, Rayonier v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955).

Similarly, the District Court for the Eastern District of Michigan relied on *Davis* to deny a claim under the Federal Mine Safety Act analogous to the claim in this case. *Krajnik v. United States*, No. 74–10071 (N.D.Mich. March 17, 1976).

The only federal case relied on by plaintiff to support a different conclusion is *Toppi v. United States*, 327 F.Supp. 1277 (1971). There, in construing Pennsylvania law, the court referred to § 324A of the Restatement of Torts (2d), which recognizes liability to third persons for injuries arising out of the failure to exercise reasonable care by "one who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third party." There is no indication that Ohio had adopted this rule. Nor would the rendering of services "to another" appear to encompass a statutory inspection of the sort at issue in this case. The inspector renders services on behalf of the government for the government pursuant to statutory authority. The inspection is not a service rendered to the mine operator.

■ Sound policy underlies the distinction drawn by Ohio law. The purpose and effect of a statutory inspection differs substantially from the purpose and effect of a contractual agreement. When a person contracts with another to maintain and inspect a dangerous device, he voluntarily assumes responsibility for insuring its safety. The person with whom he contracts pays a consideration for that service in an attempt to shift that responsibility and may reasonably rely on the fulfillment by the contractor of his obligation, voluntarily undertaken, to exercise due care in inspecting and maintaining the device.

■ The responsibilities imposed on an inspector acting pursuant to statutory authority are altogether different. The Federal Metal and Nonmetallic Safety Act, 30 U.S.C. §§ 721–40, which authorizes the inspections at issue in this case, expressly imposes the sole responsibility for maintaining safe mining conditions directly upon the mine operators. The Secretary of the Interior is directed by the statute to promulgate standards "and *the operators of mines* to which such standards are applicable *shall comply with such mandatory standards.*" 30 U.S.C. § 725(a) and (b) (emphasis supplied). The Secretary is authorized to make such inspections "as he shall deem necessary" for determining whether the mine operators are in compliance with these standards. 30 U.S.C. § 723. Upon discovering a violation, the inspector may issue an order requiring the mine operator to withdraw all persons from the dangerous area. A federal inspector assumes no responsibility to maintain compliance with safety standards upon which either the mine operators or their employees can rely. The responsibility remains with the operator and is not shifted to the inspector by the act of undertaking an inspection.

For the reasons stated, this Court is of the opinion that the plaintiff has failed to state a cause of action upon which relief can be granted. The defendant's motion to dismiss is therefore GRANTED.