Michael A. CARROLL, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 77–2060.

United States District Court,
D. Idaho.

April 11, 1980.

Thomas A. Mitchell, Coeur d'Alene, Idaho
and Richard G. Magnuson, Wallace, Idaho,
for plaintiff.

Alice Daniel, Acting Asst. Atty. Gen., James P. Klapps, Charles E. Mandolia and Dorothea A. Beane, Trial Attys., Civil Div., U. S. Dept. of Justice, Washington, D. C., U. S. Atty. Marvin Karl Shurtliff, Boise, Idaho, for defendant.

## MEMORANDUM AND ORDER

McNICHOLS, Chief Judge.

Plaintiff brings this action for personal injuries against the United States pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* He alleges that while employed by an underground mining company he was injured when machinery owned and operated by the mining company malfunctioned. Plaintiff contends that the United States is liable for his injuries because federal mine inspectors had inspected his work place pursuant to the provisions of the Federal Metal and Nonmetallic Mine Safety Act (hereinafter the Mine Safety Act), 30 U.S.C. § 721, *et seq.*, and that the inspectors either negligently failed to inspect the machinery in question or inspected it in a negligent manner, thereby failing to detect the condition which caused plaintiff's injuries.

The United States now moves for dismissal of this action or, in the alternative, for the entry of summary judgment, on the grounds that no actionable tort duty exists which can serve as the basis for plaintiff's action.

The Mine Safety Act imposes a comprehensive system of federal regulation upon mining activities subject to its terms. It provides for the promulgation of federal health and safety regulations (30 U.S.C. §§ 725–726), periodic inspections by federal enforcement personnel to determine if the mine operator is complying with those regulations (30 U.S.C. § 723), the imposition of civil and criminal penalties for noncompliance (30 U.S.C. § 733), and for administrative and judicial review of enforcement actions (30 U.S.C. §§ 728–730). It is essential to note that the Mine Safety Act imposes the duty of compliance with health and safety standards upon the mine operators (30 U.S.C. § 725(b)). The role of the mine inspectors is essentially that of policing that compliance by the mine operator. Enforcement action may be taken only if a condition or practice which violates some provision of the Act is actually observed by an inspector (30 U.S.C. § 727).

■ The Federal Tort Claims Act subjects the United States to liability only for conduct of its employees which would result in the imposition of liability upon private persons under similar circumstances according to the law of the state where the conduct occurred. *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Epling v. United States*, 453 F.2d 327, 329 (9th Cir. 1971). Under the law of Idaho, which controls this action, the United States may not be found negligent unless it owed an actionable tort duty to plaintiff. *Kirk v. United States*, 161 F.Supp. 722 (D.Idaho 1958), *aff'd*, 270 F.2d 110 (9th Cir. 1959). An examination of each of the possible sources of such a duty demonstrates that none exists under the circumstances of this case.

■ Initially, it is clear that no private right of action arises under the Mine Safety Act. *Chaneyfield v. City of New York*, 525 F.2d 1333 (2d Cir. 1975), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763 (1976). It is also clear that allegations of negligence in the enforcement of Federal statutes or regulations are not actionable under the Federal Tort Claims Act unless the conduct in question would result in analogous private liability in the nature of an "ordinary common law tort." *Davis v. United States*, 536 F.2d 758, 759 (8th Cir. 1976), *affirming per curiam*, 395 F.Supp. 793, 795–96 (D.Neb.1975); *United States v. Smith*, 324 F.2d 622, 624–25 (5th Cir. 1963); *Devlin Lumber & Supply Corp. v. United States*, 488 F.2d 88, 89 (4th Cir. 1973). An action against the United States under the Federal Tort Claims Act cannot be predicated solely on the basis that federal employees failed to enforce or comply with a federal statute or regulation, absent the violation of some common law duty under applicable state law. *Gelley v. Astra Pharma-*

ceutical Products, Inc., 610 F.2d 558 (1979); 594 F.2d 784, 785 (10th Cir. 1979); Zabala Clemente v. United States, 567 F.2d 1140, 1149–50 (1st Cir. 1977), cert. denied, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978); Baker v. F & F Investment Company, 489 F.2d 829 (7th Cir. 1973). "[E]ven where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statute may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability." Zabala Clemente, supra at 1149. Thus under the circumstances of this case, the United States owed no federal duty of care to plaintiff solely because it sought to enforce federal health and safety regulations at his work place.

■ Since the Mine Safety Act and associated federal regulations cannot be the source of any duty owed to plaintiff, this action can be maintained only if the substantive law of Idaho would impose liability for negligence in the enforcement of governmental health and safety regulations. No such liability exists under Idaho law.

The Supreme Court of Idaho, in Dunbar v. United Steel Workers of America, 100 Idaho 523, 602 P.2d 21 (1979), held that no tort action could be maintained against the state of Idaho for alleged negligence in the performance of the state's program of regulation of mining health and safety. That action, brought by the survivors of miners who had died during a fire in an underground silver mine, was predicated upon allegations that the state had undertaken a regulatory program to inspect and enforce mine safety and that state mine inspectors were negligent in their inspection and enforcement activities, thereby proximately causing the deaths of the miners. In holding that no action could be maintained against the state based upon such allegations, the Idaho Supreme Court has clearly indicated that Idaho does not recognize any actionable tort duty arising out of governmental regulatory health and safety programs.

The Dunbar case, arising out of allegations essentially identical to those made by plaintiff in this action, is controlling. The highest court of Idaho has ruled that negligence in the performance of governmental regulatory functions cannot form the basis of a tort action against the state. Plaintiff therefore cannot maintain this action against the United States in a Federal Tort Claims action based upon Idaho law. This conclusion is in accordance with the holdings of the majority of courts which have confronted the issue: federal regulatory enforcement activities do not give rise to an actionable tort duty owed by the United States. First State Bank of Hudson County v. United States, 599 F.2d 558 (3rd Cir. 1979); Harmsen v. Smith, 586 F.2d 156 (9th Cir. 1978); Davis v. United States, 395 F.Supp. 793 (D.Neb.1975), aff'd per curiam, 536 F.2d 758 (8th Cir. 1976); Mercer v. United States, 460 F.Supp. 329 (S.D.Ohio 1978); Mosley v. United States, 456 F.Supp. 671 (E.D.Tenn.1978); In re Franklin National Bank Securities Litigation, 445 F.Supp. 723 (E.D.N.Y.1978).

The above result is also in accordance with the generally accepted rule that the institution of an accident prevention program by the government at federal job sites does not give rise to any duty owed to injured employees of government contractors. Kirk v. United States, 161 F.Supp. 722 (D.Idaho 1958), aff'd, 270 F.2d 110 (9th Cir. 1959); Roberson v. United States, 382 F.2d 714, 719–22 (9th Cir. 1967). It would indeed be anomalous for this Court to hold that the mere conduct of regulatory enforcement inspections by federal mine inspectors at privately owned and operated mines gives rise to an actionable tort duty, when it is universally recognized that the conduct of similar safety inspections by government inspectors during the course of work being performed by government contractors on federally-owned land does not give rise to such a duty.

For the above-stated reasons, plaintiff has failed to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED:

That the motion for summary judgment of the United States is hereby granted.