**Hetty HOWES, Administratrix of Estate of Garland Howes, deceased et al., Plaintiff,**

v.

**Homer CHILDERS, Willard Stanley, and Ernest Wells, Defendants.**

Civ. A. No. 76–433.

United States District Court,
E. D. Kentucky,
Pikeville Division.

April 2, 1981.

Jim Hammond, Prestonsburg, Ky., for plaintiff.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., Thelma Quince, Dept. of Justice, James P. Klapps and David Waller, Torts Section, U. S. Dept. of Justice, I. Avrum Fingeret, U. S. Dept. of Interior, Washington, D. C., for defendant Childers.

Steven L. Beshear, Atty. Gen., Commonwealth of Kentucky, Dale Brodkey, Asst. Atty. Gen., Environmental Law Division, Frankfort, Ky., for defendants, Stanley and Wells.

### ORDER

UNTHANK, District Judge.

On April 10, 1975 Garland Howes, a coal miner, was fatally injured in a highwall mining accident in Floyd County, Kentucky. This action was instituted by his estate, his

widow, and child against eight mine inspectors, six of whom were employed by the Federal Mine Enforcement and Safety Administration (MESA) and two of whom were employed as mine inspectors for the Commonwealth of Kentucky. The action was originally filed in the Floyd County Circuit Court and was subsequently removed to this Court. Three of the defendants were dismissed by order of this Court. The matter is before the Court for consideration on motions for summary judgment by the state and federal defendants, and motions by the state defendants to dismiss for failure to prosecute and for failure to comply with the rules of this Court.

The plaintiff did make a timely response to this Court's order of December 8, 1980. However, the Court is not satisfied with the cursory, non-responsive response of the counsel for the plaintiffs. Specifically, the motions to dismiss for failure to prosecute and for failure to comply with the rules of this Court, merely refer the Court to the orders of the Court filed at an earlier date. Such is hardly indicative of any reason for the dilatory action of the plaintiff. The Court must concur with the motion and response of defendant that this action has been replete with delay and inaction and that the plaintiff's counsel has failed in several instances to comply with the orders of the Court. The Court is of the opinion that three United States District Court judges have been extremely tolerant of the behavior of the plaintiff's counsel. However, the Court will not at this time sustain the above indicated motions.

We shall discuss the motions of Homer Childers, Willard Stanley, and Ernest Wells for summary judgment.

It is clear that the plaintiffs could not successfully seek redress from the Commonwealth of Kentucky or the United States of America under the facts of this case. As noted in *Grogan v. Commonwealth*, Ky., 577 S.W.2d 4, "... a government ought to be free to enact laws for the public protection without exposing its supporting taxpayers to liability for failures of omission in its attempt to enforce them. It is better to have such laws, even haphazardly enforced, than not to have them at all." (citing *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1964). However, the plaintiffs in this action seek to find liability for the individual mine inspectors instead of the state.

The Court is of the opinion that the plaintiffs may not circumvent the clear intent of the law by merely seeking liability against an individual absent a showing of some facts which would indicate a specific responsibility (i. e., a duty) to the plaintiff's decedent. No such facts have been alleged, other than to indicate that defendants were mine inspectors and that Mr. Childers was their supervisor. Furthermore, the Court cannot agree with the plaintiff's allegations that the statute creates a duty of the defendants to protect the safety of individual coal miners; rather, the obligation, if any is a statutory obligation to see that the regulated mines comply with the requirements of the law. To permit the plaintiff such an argument would successfully defeat the intentions of the law. Clearly, if the State is not to be held responsible for such regulatory functions, neither are its agents. *Commonwealth, Department of Banking and Securities v. Brown*, Ky., 605 S.W.2d 497 (1980).

Therefore, the Court is of the opinion that the motions of the defendants for summary judgment should be sustained.

Accordingly, IT IS HEREBY ORDERED,

That the defendants motions for summary judgment are SUSTAINED.

That the above styled action is DISMISSED and will be STRICKEN from the docket.