**Linda L. TAYLOR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 81-0018-0(G).**

United States District Court, W. D. Kentucky, Owensboro Division.

Aug. 7, 1981.

A. V. Conway, II, Beaver Dam, Ky., for plaintiff.

Alexander T. Taft, Jr., U. S. Atty., Louisville, Ky., James P. Klapps, Asst. Dir., Karen M. Shickman, Trial Atty., Torts Branch, Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JAMES F. GORDON, Senior District Judge.

The plaintiff, Linda Taylor, brings this action under the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b), for injuries allegedly sustained as a result of negligent inspections of a mine in Ohio County, Kentucky, by employees of the defendant, United States of America. Currently pending is the defendant's motion to dismiss either for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). For reasons hereinafter set forth, the defendant's motion is granted.

28 U.S.C. § 1346(b) reads in relevant part as follows:

[T]he district courts, . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.* (emphasis supplied).

As a threshold matter, it appears to the Court that subject matter jurisdiction must be established prior to the consideration of any objections to the sufficiency of the averments in the plaintiff's complaint. It is important to recognize, however, that the two questions are interrelated within the context of the Tort Claims Act. Further, in order to determine whether the Court possesses such jurisdiction, it is patent that the question whether, under similar circumstances, a private person would be liable under Kentucky law must first be answered. In this respect, the plaintiff, in her complaint, makes the following allegations:

5. That at the time of the aforementioned accident, the scoop machine had no

brakes or other necessary functioning safety equipment as required by law. That at numerous times immediately prior to January 22, 1979, said scoop machine had been inspected by agents, servants or employees of the Defendant while acting within the nature and scope of their employment and pursuant to the Federal Mine Safety and Health Act of 1977.

6. That the aforementioned agents, servants and employees of the Defendant, while acting in the nature and scope of their employment, did fail to properly inspect said scoop machine and further did fail to follow up on their inspections and that as a direct result of said negligence . . . said scoop machine had no operative brakes or other necessary functioning safety equipment all of which caused said accident . . . .

A logical analysis necessarily should begin with reference to cases decided by courts residing within this District. In *Holland v. United States*, 464 F.Supp. 117, 123 (1978), we merely assumed, without deciding, that the United States owed an actionable tort duty to the plaintiff's decedent therein. As *Holland* did not resolve the "duty" question, it is not particularly helpful to a determination of the instant motion. In *Raymer v. United States*, 455 F.Supp. 165 (W.D.Ky.1978), the Honorable Thomas A. Ballantine held that the United States owed a duty to the plaintiff's decedent by virtue of the mandatory language of the Federal Coal Mine Health and Safety Act (the Act), 30 U.S.C. § 801 et seq., and

the settled rule that " . . . one who undertakes to render service for another which he recognizes as necessary for the protection of the other is liable for physical harm resulting from his failure to exercise due care if his failure to exercise due care results in increased risk of harm. See, Restatement, Law of Torts 2d, Section 323." 455 F.Supp. at 166. The *Raymer* Court (after a trial without a jury at 482 F.Supp. 432 (1979)) was aware of the *Holland* decision, but found it factually distinguishable.

The plaintiff places substantial reliance on *Raymer*, and contends that it is controlling with respect to the instant motion to dismiss. We disagree. Instead, we are constrained to conclude that the plaintiff has not stated a claim which, under Kentucky law, would warrant recovery against the defendant if it were a private person. Therefore, we are without the subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) necessary to entertain the plaintiff's claims.

As regards the imposition of liability upon the United States as a consequence of its asserted assumption of a duty following enactment of the Federal Coal Mine legislation, we conclude that Kentucky's adoption of Sections 323 and 324A of the Second Restatement of Torts[1] is not dispositive. In support of her contentions, the plaintiff cites *Louisville Cooperage Co. v. Lawrence*, 313 Ky. 75, 230 S.W.2d 103, 105 (1950), wherein the court stated:

A duty voluntarily assumed cannot be carelessly abandoned without incurring liability for injury resulting from the

---

1. § 323 provides:

*Negligent Performance of Undertaking to Render Services.* One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon undertaking.

§ 324A provides:

*Liability to Third Person for Negligent Performance of Undertaking.* One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

abandonment. (citations omitted). As characteristically stated by Judge Cardozo in *Glanzer v. Shepard,* 233 N.Y. 236, 239, 135 N.E. 275, 276, 23 A.L.R. 1425, 1427, 'It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.' See also, *Haddad v. Louisville Gas & Electric Company,* 449 S.W.2d 916 (Ky.1969). These general statements of the applicable rule, *if applied blindly,* might result in the imposition of liability upon the United States in the instant action. However, we are of the notion that such rule should not be so applied. Sections 323 and 324A both refer to the assumption, gratuitously or otherwise, of a duty to render services to another. For various reasons, we do not believe that passage of the Act constituted the assumption of a duty to render services which is owed to another person or a group of persons.

Initially, we note that the ultimate obligation of compliance under the Act does not lie with the United States. Instead, the duty is clearly that of the mine operator. Although subsection (a) of section 801 states that the foremost Congressional priority is the health and safety of the miner, subsection (e) thereof mandates that "the operators of such mines with the assistance of the miners have the primary responsibility to prevent the existence of such conditions and practices in such mines."[2] This statutory language indicates that, whatever it did, passage of the Act was not intended to impose any tort duty upon the United States, the violation of which would result in civil liability. In our judgment, the provisions of the Act do not constitute an undertaking by the United States of any duty to any particular parties. By express language, the Act states that the responsi-

bility for safe working conditions remains with the mine operators (with the assistance of the miners). We note that this analysis is not conclusive under the express terms of the Tort Claims Act. However, we believe that the terms and purpose of the Act are germane to a consideration of the question whether state law would impose a duty upon the defendant. State law must be analyzed within the context of the Act.

Second, the following excerpt from *Mercer v. United States,* 460 F.Supp. 329 (S.D. Ohio 1978), lends substantial support to our conclusion herein:

> The only federal case relied on by plaintiff to support a different conclusion is *Toppi v. United States,* 327 F.Supp. 1277 (1971). There in construing Pennsylvania law, the court referred to § 324A of the Restatement of Torts (2d), which recognizes liability to third persons for injuries arising out of the failure to exercise reasonable care by 'one who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third party.' There is no indication that Ohio had adopted this rule. *Nor would the rendering of services 'to another' appear to encompass a statutory inspection of the sort at issue in this case. The inspector renders services on behalf of the government for the government pursuant to statutory authority. The inspection is not a service rendered to the mine operator.* (emphasis supplied).

460 F.Supp. at 332. This opinion firmly recognizes the obvious fact that the provisions of the Act cannot properly be regarded as an undertaking of a duty which is owed to another.[3] The Act simply does not

---

2. 30 U.S.C. § 801(g) further declares that:

    it is the purpose of this chapter . . .; (2) to require that each operator of a coal mine and every miner in such mine comply with such standards.

3. See also, *Kilpatrick v. United States,* No. CA 79–P–1106–J (N.D.Ala. March 19, 1980), wherein the court opined:

    In order for the good samaritan doctrine to apply, there must be an undertaking to 'render services.' See, *e. g., Roberson v. U. S.,* 382 F.2d 714 (9th Cir. 1967); *Musgrave v. Tennessee Valley Authority,* 391 F.Supp. 1330 (N.D.Ala.1975). Therefore, the two applicable Restatement sections must be viewed in the context of the Federal Coal Mine Health and Safety Act. This Act is a

create a duty which is analogous to an undertaking to render services to another as contemplated in the abovementioned Restatement sections. Thus, it is apparent that Kentucky law contains no tort duty (which, if breached, would subject a private person to civil liability) comparable to a legislative enactment of health and safety enforcement regulations. We agree with such analysis. Even if the United States did in fact assume a duty as a result of the implementation of the relevant regulatory scheme (a proposition about which we have doubt), it is still clear, in our judgment, that such duty would be owed to the government and not the mine operator or its employees. No comparable *private* duty exists under Kentucky tort law.

Finally, of substantial significance, we note that Kentucky law scrutinizes the negligent acts of private persons in a manner different from those of the state or a municipality. In *Grogan v. Commonwealth*, 577 S.W.2d 4 (Ky.1979), the court observed:

*Though appellants indulge the facile assumption that under similar circumstances a private individual would be liable at common law, we do not believe that the common law, as applied to individuals, offers any reasonably comparable analogy.* There is, of course, the familiar principle that one who undertakes the care of another, or of his property, even though it be voluntary and without consideration, owes him the duty of reasonable care.

*But in the enactment of laws designed for the public safety a governmental unit does not undertake to perform the task; it attempts only to compel others to do it, and as one of the means of enforcing that purpose it may direct its officers and employes to perform an inspection function.* The failure of its officers and employes to perform that function 'does not constitute a tort committed against an individual who may incidentally suffer injury or damage, in common with others, by reason of such default.' *City of Russellville v. Greer*, Ky., 440 S.W.2d 269, 271 (1969). (emphasis supplied).

This language illustrates a recognition by the Kentucky Supreme Court that comparison of private tort duties with an attempt by the government to carry out a health and safety regulatory function is similar to that of apples and oranges. Succinctly stated, there is none. Thus, as there exist no analogous circumstances under Kentucky law where a private person would be liable, we are constrained to conclude that we are without subject matter jurisdiction.

One final remark is warranted with respect to certain cases relied upon by the United States in its motion to dismiss. Both *Commonwealth, Department of Banking and Securities v. Brown*, 605 S.W.2d 497 (Ky.1980) and *Grogan v. Commonwealth, supra*, are cited for the proposition that the United States would not be liable pursuant

---

regulatory act designed to establish and enforce health and safety standards in mines. 30 U.S.C. § 801(g). Restatement § 323 calls for a direct rendering of services to the person who is injured. Under the Federal Coal Mine Act, however, there is no such direct rendering of services by the mine inspectors to the miners, even though the miners may indirectly benefit from the inspections.

Restatement 324A deals with situations in which there is a rendering of services to one person for the protection of another. Although arguably miners are third persons who are protected by the inspections, nevertheless there is no rendering of services to the mine employers by the mining inspectors. Moreover, the cases in which the Alabama court has recognized liability to third persons for negligent inspections, such as when workmen's compensation carriers undertake to make inspections, are not applicable to the

present case. In those cases there is a direct pecuniary benefit received by the one making the inspections (by reducing the risk of injury and thus its losses), and likewise by the employer (in reducing his losses and lowering his premiums). (citations omitted). Here, however, there is no direct benefit received by the government agency, nor is there a direct rendering of services to the employer. Therefore, no duty arises here under Restatement § 324A upon which tort liability can be premised. Furthermore, no Alabama cases have been cited to this court in which a duty has been recognized when a government regulatory official undertakes to enforce a regulatory statute. (citations omitted).

This case appears to be in accord with *Mercer*. The facts of both cases, like the one before us, simply do not satisfy the express requisites of the relevant Restatement sections.

190

to Kentucky law for the negligent performance of an inspection mandated by a legislative enactment. We agree with such contention. Other courts have placed substantial emphasis on cases of this nature in holding the United States free from liability on facts similar to the ones before us. See, *e. g., Howes v. Childers*, 512 F.Supp. 745 (E.D.Ky.1981); *Carroll v. United States*, 488 F.Supp. 757 (D.Idaho 1980). In view of the express language of the Tort Claims Act, however, we are not entirely convinced of the relevancy of this type of analysis. More specifically, it seems clear to us that the Tort Claims Act contemplates an analysis premised upon the liability of a *"private person"* under state tort law.[4] We simply note that if the concepts enunciated in *Howes* and *Carroll* are germane to the instant motion, then the above-cited Kentucky court pronouncements definitely require a disposition identical to the one previously reached under the private person analysis.

In conclusion, the Court is convinced that Sections 323 and 324A of the Second Restatement are not applicable to the instant case. It is our judgment that any attempted analogy between such sections and a federal regulatory scheme is simply invalid. Therefore, the Court possesses no jurisdiction to hear the plaintiff's claims herein, and such claims accordingly must be dismissed. A separate order of dismissal will this day be entered.

4. However, we would be less than honest if we failed to acknowledge that it is difficult at times to separate the two apparently distinct analyses.