Karen RUSSELL, Individually and as Personal Representative of the Estate of R. Scott Russell, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C 81–0732A.

United States District Court, D. Utah, C.D.

July 5, 1983.

Jackson Howard, David Lambert, Provo, Utah, for plaintiff.

Brent D. Ward, U.S. Atty., Salt Lake City, Utah, J. Charles Kruse, Special Litigation Counsel, Civ. Div. Torts Branch, Dept. of Justice, Washington, D.C., for defendant.

## ORDER DISMISSING COMPLAINT

ALDON J. ANDERSON, District Judge.

Plaintiff's decedent fell to his death from a cage in the mine shaft at the Noranda Mine in Summit County, Utah, on March 17, 1980. This action, brought under the Federal Tort Claims Act (FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, is based on alleged negligence by federal inspectors employed by the Mine Safety and Health Administration of the Department of Labor. Plaintiff alleges that during two inspections, approximately one week before the accident and approximately six weeks before the accident, the federal inspectors failed to inspect for, discover, and warn against certain dangers. The inspections were made pursuant to the provisions of the Federal Coal Mine Health and Safety Act of 1969 (Mine Safety Act), 30 U.S.C. §§ 801 *et seq.* The defendant has moved for dismissal or in the alternative for summary judgment. The court concludes that since the plaintiff has failed to state a claim against the Government for which relief can be granted under Utah law, the court has no subject matter jurisdiction under the FTCA, and hence the case must be dismissed.

The FTCA allows a civil action against the United States for death caused by an employee of the Government acting within the scope of his employment only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The only possible theory advanced by plaintiffs under which a "private person" might be liable for negligent inspection in the state of Utah is the so-called "good samaritan" doctrine, which is stated in Restatement (Second) of Torts, §§ 323, 324A. Although the Utah Supreme Court has apparently never adopted the "good samaritan" doctrine, for purposes of this motion the court will assume that the Utah Court "will adopt it when it is presented with the theory and appropriate facts." *Barnson v. United States*, 531 F.Supp. 614, 621 (D.Utah 1982). The question for this court to decide, then, boils

down to whether the plaintiff has stated a claim under the "good samaritan" doctrine.

It is clear that plaintiff has not stated a claim under § 323 of the Restatement. That section applies only when the defendant undertakes to provide a service directly to the person injured or killed. Though miners may be indirectly benefited by inspections under the Mine Safety Act, the inspectors certainly do not provide a service directly to the miners. *See, Roberson v. United States*, 382 F.2d 714, 719–22 (9th Cir.1967).

Section 324A of the Restatement provides:

*Liability to Third Persons for Negligent Performance of Undertaking.* One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The courts which have considered whether a miner has a claim under the FTCA on the basis of this section for negligent mine inspection have held that no such claim exists. In *Taylor v. United States*, 521 F.Supp. 185 (W.D.Ky.1981), the court held that plaintiffs had not stated a claim under the FTCA for injuries resulting from negligent inspections of a coal mine pursuant to the Federal Coal Mine Health and Safety Act, 30 U.S.C. §§ 801 *et seq.*[1] Section 324A of the Restatement did not apply because under the terms of the Act the Government did not undertake to "render services to another," as required by § 324A. 521

F.Supp. at 188–89. In *Mercer v. United States*, 460 F.Supp. 329 (S.D.Ohio 1978), the court held that negligent inspection under the same act involved in this case did not give rise to a Restatement 324A claim because, *inter alia*, the "rendering of services to another" contemplated by that section would not "appear to encompass a statutory inspection of the sort at issue in this case." 460 F.Supp. at 332. The Court of Appeals for the Sixth Circuit held that a negligent inspection under the Federal Coal Mine Health and Safety Act,[2] 30 U.S.C. §§ 801 *et seq.*, did not give rise to a FTCA claim under Restatement § 324A because the requirements of that section were not met: the inspection did not increase the danger of harm to miners; the inspectors did not undertake to perform a duty owed by the coal company to the miners; and there was no justifiable reliance by the miners or the coal company on the inspectors' acts or omissions because the Act specifically provides that the primary responsibility for safe conditions in the mines continues to rest upon the mine operators, with the assistance of the miners. *Raymer v. United States*, 660 F.2d 1136, 1143 (6th Cir.1981). This provision also applies in this case. *See* note 1, *supra.*

Plaintiffs rely heavily on the decision of this court in *Barnson v. United States*, 531 F.Supp. 614 (D.Utah 1982). In *Barnson* Judge Winder held that plaintiffs' claim based on negligent inspection in uranium mines resulting in deaths allegedly caused by radiation should not be dismissed because plaintiffs had "alleged all the elements necessary under the "Good Samaritan" doctrine." 531 F.Supp. at 621. That case is easily distinguished. The *Barnson* complaint alleged that the Government knew of safety measures capable of mitigating the dangers of radiation and knew that the mining companies and the miners lacked the knowledge, skill and resources to utilize those safety measures. Therefore, the Government undertook to inspect

---

**1.** This Act was amended in 1977, and its provisions now apply to all mines, including the Noranda Mine.

**2.** *See* note 1, *supra.*

the mines, monitor the health of the workers, and close mines if necessary, in order to protect the miners. 531 F.Supp. at 620. Such allegations go far beyond the regulatory inspections involved in this case. There it might be found that the Government did, indeed, undertake to provide a service and the miners reasonably relied on it. Here, as the courts cited above have noted, such service and reliance thereon do not exist as a matter of law because the statutes involved specifically provide that the primary responsibility for the safety of the mine employees rests with the mining companies, assisted by the miners. Indeed, the court in *Barnson* particularly distinguished that case from one of the cases we rely upon here, *Taylor v. United States, supra.* 531 F.Supp. at 621.

From the above discussion it appears that plaintiffs have failed to state a claim against the United States cognizable by this court under the FTCA, and hence the court lacks subject matter jurisdiction over this suit.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss be granted and the complaint be dismissed.