SMITH ET AL., APPELLEES, *v.* WAIT ET AL., APPELLEES;
GUSHMAN, APPELLANT
GUSHMAN, APPELLANT, *v.* STATE OF OHIO, APPELLEE.

(Nos. 75AP-340 and 75AP-344—Decided December 29, 1975.)

*Messrs. Carlile, Patchen, Murphy & Allison* and *Mr. Robert C. Perrin*, for Dorothy C. Smith et al.

*Messrs. Knepper, White, Richards & Miller* and *Mr. Richard A. Frye*, for Hugh Wait et al.

*Messrs. Kyte, Conlan, Wulsin & Vogeler* and *Mr. Frederick J. McGravran*, for Richard W. Gushman.

*Mr. William J. Brown*, attorney general, *Mr. John R. Gall, Mr. William G. Compton, Mr. David J. Sherriff, Mr. Richard C. Braham*, and *Mr. Nelson E. Genshaft*, for the state of Ohio.

WHITESIDE, J. The third-party plaintiff, Richard W. Gushman, appeals from a judgment of the Court of Claims dismissing his third-party complaint against the state of Ohio, and raises a single assignment of error, as follows:

"The Court of Claims erred in dismissing Mr. Gushman's third party complaint against the state of Ohio because the third party complaint states claims against the state in accordance with the same rules of law applicable to suits between private parties and the Court of Claims has jurisdiction over such claims."

This action was originally commenced in the Court of Common Pleas of Franklin County, Ohio, with appellant

Gushman named as one of the defendants. Gushman filed a third-party complaint against the state of Ohio, and the cause was removed to the Court of Claims, pursuant to R. C. 2743.03(E). The state filed a motion to dismiss the third-party complaint against it. The Court of Claims sustained this motion and remanded the cause to the Court of Common Pleas. It is from this judgment that the appeal is made.

Although the third-party complaint against the state is quite lengthy, the basic allegation thereof is that the state of Ohio, through its agents, registered fraudulent issues of securities of Ohio Real Estate Investment Company and Ohio Real Estate Equities Company, with knowledge of the fraud, and that such registration "* * * constitutes a warranty and a representation to the issuer and to purchasers of securities so approved that the business of the issuer is not fraudulently conducted, that the proposed offer or disposal of securities is not on grossly unfair terms, that the plan of issuance and sale of the securities referred to in the proposed offer or disposal would not defraud or deceive, or tend to defraud or deceive, purchasers, and that the issuer has complied with all relevant sections of the Ohio Revised Code. * * *" Gushman further avers that, as trustee of the issuers, he was induced by the knowingly false registration and knowingly false certification of the state of Ohio to approve the issues and offers of securities of the issuers.

Gushman makes similar allegations with respect to alleged fraudulent registration of preferred stock of U. S. Capital Corporation, alleging that, as a result of that fraudulent registration, Gushman, as trustee of Ohio Real Estate Investment Company was induced to approve the purchase of certain shares of U. S. Capital Corporation.

The state has waived its immunity from liability and consented to be sued in the newly-established Court of Claims by recently enacted R. C. 2743.02(A), which provides, as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined,

in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability.''

The state's waiver of its sovereign immunity from liability has not opened up the public coffers to all who may seek recompense but, rather, permits the liability of the state to be determined in accordance with the rules of law applicable to suits between private parties, no new claim for relief or right of action being created by the waiver of immunity. R. C. 2743.02(A) merely permits actions against the state to be brought which were previously barred by the doctrine of sovereign immunity, but such actions must be predicated upon previously recognized claims for relief, for which the state would have been liable except for sovereign immunity. Thus, the basic issue before this court is whether Gushman's third-party complaint states a claim upon which relief can be granted against the state. By a very well-reasoned opinion, the Court of Claims concluded that it does not. We agree.

R. C. 1707.09 requires that all securities, except certain enumerated exceptions, must be qualified in the manner provided in this section before being sold in this state. An application for qualification is to be made on forms prescribed by the division of securities. R. C. 1707.09(K) provides in part:

''* * * If the division finds that the business of issuer is not fraudulently conducted, that the proposed offer or disposal of securities is not on grossly unfair terms, that the plan of issuance and sale of the securities referred to in the proposed offer or disposal would not defraud or deceive, or tend to defraud or deceive, purchasers, and that division (J) of this section applies and has been complied with, then the division shall notify the applicant of its findings; and upon payment of a registration fee of one twentieth of one per cent of the aggregate price at which such securities are to be sold to the public in this state, which fee, however, shall in no case be less than twenty-five or

more than five hundred dollars, the division shall register. the qualification of such securities."

Gushman's contention is that the division of securities registered the qualification of the securities involved, even though employees of the division knew that the requisite findings could not properly be made. R. C. 1707.09 does not in and of itself establish new civil liability upon anyone in view of R. C. 1707.40, which expressly provides:

"Sections 1707.01 to 1707.45, inclusive, of the Revised Code create no new civil liabilities, and do not limit or restrict common law liabilities for deception or fraud other than as specified in sections 1707.41, 1707.42, and 1707.43 of the Revised Code, and there shall be no civil liabilities for noncompliance with orders, requirements, rules, or regulations made by the division of securities under sections 1707.19, 1707.20, and 1707.23 of the Revised Code."

Gushman does, in support of his contention that his third-party complaint states a claim against the state, rely upon R. C. 1707.43, which reads in pertinent part:

"Every sale or contract for sale made in violation of sections 1707.01 to 1707.45, inclusive, of the Revised Code, is voidable at the election of the purchaser. The person making such sale or contract for sale, and every person who has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally *liable to such purchaser*, in an action at law in any court of competent jurisdiction, upon tender to the seller in person or in open court of the securities sold or of the contract made, for the full amount paid by such purchaser and for all taxable court costs, unless the court determines that the violation did not materially affect the protection contemplated by the violated provision." (Emphasis added.)

R. C. 1707.43 can create no claim for relief in Gushman against the state for two basic reasons: (1) The state is not included within the definition of the word "person" as defined by R. C. 1707.01(D), and (2) Gushman does not allege that he personally was the purchaser of any of the securities involved.

Gushman further relies upon Section 17(a) of the Securities Act of 1933, 15 U. S. C., Section 77(q), as a basis

for liability of the state. Even assuming that section creates a private right of action, and that such an action could be maintained against the state, Gushman has no right to maintain an action thereunder, where his only connection with the transactions was his capacity as trustee of the issuer of the securities. However, in any event, the federal statute cannot afford any basis for liability of the state, where the only connection of the state with the alleged transaction involved is through a regulatory body requiring qualification and registration of securities, in the exercise of the police power of the state.

Gushman, as the trustee of the issuer, had no right to rely upon the registration of the securities by the state, even if fraudulently issued by state employees in violation of their statutory duty, because, as trustee, he had a duty to be aware of the activities of the issuer. Furthermore, R. C. 1707.44 provides, in part                    .

"(C) No person shall knowingly and intentionally sell, cause to be sold, offer for sale, or cause to be offered for sale, any security which comes under any of the following descriptions: * * *.

"(4) The offer or sale is accompanied by a statement that the security offered or sold has been or is to be in any manner indorsed by the division. * * *"

Since the third-party complaint alleges that the employees of the state, charged with the duty of determining whether securities meet the requirements of the law, registered the securities in question as qualified with knowledge of the fraudulent nature of the securities, such allegation must be accepted as being true for purposes of the motion to dismiss. While state officers have no liability under the doctrine of official immunity for the erroneous exercise of discretion resulting from negligence or mistake of judgment where such discretion is exercised in good faith, the third-party complaint herein alleges that good faith was not exercised. However, even though this may permit an action to be brought against the officers involved for their bad faith, it does not necessarily mean that the state can be held liable for such bad faith.

Rather, it would appear that the actions of the state

officers in exercising bad faith was *ultra vires*. The authority of the state officers is specifically prescribed by statute, and such officers have no authority to qualify securities which they know are fraudulent. If the officers did so in this instance, they not only acted contrary to the express provisions of the law, but breached their duty to the state as officers thereof.

Registration of securities by the state in no way makes the state an insurer or guarantor of the securities so registered, nor does registration constitute a warranty of the securities in any respect. Likewise, registration by the state does not constitute a representation to the public at large, much less to a trustee of the issuer of the securities, that the securities are safe to buy, are good investments, or are not fraudulently issued. No one has any right to rely upon the state's registration of securities as an indication that there is no fraud connected with their issuance.

Although the issues raised by the briefs are quite complex, and the briefs are lengthy, the foregoing is sufficient to demonstrate that the third-party complaint does not state a claim for relief against the state. Although numerous cases have been cited by the parties, none of them bear directly upon the issue before us, there apparently being no case law directly determining the basic issue raised, namely, whether the state is liable for the fraudulent registration of securities by its officers and employees, in violation of express statutory provisions. We find, however, that there can be no liability on the part of the state predicated upon such a claim. For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.