780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
THOMAS S. MOORE, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 85-3035
 United States Court of Appeals, Sixth Circuit.
 11/20/85
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from dismissal by the district court of his complaint under the Federal Tort Claims Act for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff's claim was based on the alleged negligent inspection of his work place by agents of the Occupational Safety and Health Administration (OSHA). The district court, in a well-reasoned opinion, concluded that Ohio law imposes no governmental liability for the negligent performance of a statutory duty and that in the absence of such liability there is no claim under the Federal Tort Claims Act. That Act limits liability of the United States to those circumstances in which a private individual would be liable under like circumstances 'in accordance with the law of the place where the act or omission occurred.' 28 U.S.C. Sec. 1346(b).
 
 
 2
 The plaintiff's injury occurred in Ohio, where the courts have held that there can be no liability for negligent inspection performed under a statutory duty. Shelton v. Industrial Commission, 51 Ohio App.2d 125 (1976). The plaintiff argues on appeal that Shelton does not apply in the present case because it concerned a negligent failure to inspect rather than a negligent inspection. The courts have not construed Shelton so narrowly. Rather, they have consistently held that there is no claim under the Federal Tort Claims Act for negligence in the performance of a statutory duty of inspection, relying on Shelton. See Baer v. United States, 511 F. Supp. 94 (N. D. Ohio 1980); aff'd mem. 703 F.2d 558 (6th Cir. 1982); Mercer v. United States, 460 F. Supp. 329 (S.D. Ohio 1978). Every argument advanced by the plaintiff-appellant in this case has been considered and rejected by the courts that have dealt with the issue now before us.
 
 
 3
 The judgment of the district court is affirmed.